Susan Drosche McLEMORE and Theresa House Taylor, Appellants,

v.

Walter BROUSSARD, Jr. and Moore Paper Company, Appellees.

No. 01–82–0825–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 10, 1983.

302

Keith M. Fletcher, Houston, for appellants.

Don Witting, Conroe, for appellees.

Before JACK SMITH, BULLOCK and COHEN, JJ.

OPINION

JACK SMITH, Justice.

This is a suit for wrongful death and personal injuries arising out of an automobile and truck collision. The jury found that appellant Taylor's negligence caused 60% of the occurrence and appellee Broussard's negligence caused 40% of the occurrence. Based on these findings, the trial court entered judgment that appellant Taylor take nothing and that appellant McLemore, mother of the deceased passenger Misty Cherie Drosche, recover the sum of $363.50.

The appellants allege in three points of error that the trial court erred in failing to set aside the jury's finding that appellant McLemore suffered no pecuniary loss as a result of the death of her daughter. They allege that there was no evidence or insufficient evidence to support this finding, and that such finding was against the great weight and preponderance of the credible evidence. In their last two points of error, the appellants allege that the trial court erred in refusing to admit testimony of all social security benefits lost, and refusing to submit proffered special issues inquiring into the loss of society and companionship suffered by appellant McLemore as a result of her daughter's death.

Since this appeal is based on matters pertaining to damages, only a brief statement of the facts surrounding the accident will be enumerated.

Susan Drosche McLemore, a widow, left her only child, of her former marriage, with her sister Theresa House Taylor. While driving East on Interstate 10 in a drizzling rain, Ms. Taylor's car went into a skid and was hit broadside by a Moore Paper Co. truck being driven by Walter Broussard, Jr. Ms. McLemore's 3-year-old daughter, Misty Cherie Drosche, who was a passenger in Ms. Taylor's car, was killed

and Ms. Taylor received personal injuries in the accident.

At trial, the parties stipulated that Walter Broussard, Jr., was acting in the course and scope of his employment for the Moore Paper Company, Inc., when the accident occurred. They further stipulated that Susan Drosche McLemore incurred reasonable and necessary funeral benefits in the amount of $363.50 for the burial of Misty Cherie Drosche.

Appellant Theresa House Taylor has raised no point of error concerning the trial court's judgment awarding her no damages for her personal injuries. The trial court judgment against Ms. Taylor is affirmed.

Appellant McLemore alleges that the trial court erred in refusing to submit proffered special issues inquiring into the loss of society and companionship suffered by Susan Drosche McLemore as a result of Misty Cherie Drosche's death. We agree with this assertion. After the trial court had entered judgment in this suit, but before the submission of this case to this court, the Texas Supreme Court has rendered two opinions that substantiate the appellant's contention. *Sanchez v. Schindler*, 651 S.W.2d 249 (1983); *Madisonville Indep. School Dist. v. Kyle*, 658 S.W.2d 149 (1983). In *Sanchez*, the Supreme Court held that the proper measure of damages for the death of a child included loss of companionship and society as well as mental anguish. Additionally, the court held that their opinion was to apply to "all future causes as well as those still in the judicial process." In *Madisonville*, by a per curiam opinion, the court reaffirmed its holding in *Sanchez*.

▪ Since the instant case was in the judicial process when *Sanchez* was delivered, and the appellant properly preserved error, we hold that Ms. McLemore may recover for loss of companionship, society and mental anguish. The appellant's point of error is sustained.

The appellants and the appellees assert that the trial court erred in admitting and excluding certain evidence pertaining to social security payments.

The record reveals that prior to Misty's death Ms. McLemore received monthly minor's and mother's Social Security payments as a consequence of her husband's death. Each of these payments was terminated at the time of Misty's death. At trial the court, over the objection of the appellees, admitted into evidence the fact that the minor's Social Security benefits were terminated when she died. On the other hand, the trial court, over the objection of the appellants, refused to allow any evidence of Susan McLemore's loss of mother's Social Security benefits when Misty died.

▪ Article 4671, Tex.Rev.Civ.Stat. Ann., creates a cause of action for actual damages on account of the injuries causing the death. (Vernon Supp.1982–1983). Article 4677, Tex.Rev.Civ.Stat.Ann., provides that the jury may give such damages as they may think proportionate to the injury resulting from such death. (Vernon 1952). For many years in the State of Texas, in death actions, the general rule has been that a defendant will not be permitted to introduce into evidence fringe benefits received by the survivor to diminish the survivor's damages. *Welch v. Ada Oil Co.*, 302 S.W.2d 175 (Tex.Civ.App.—Texarkana 1957, writ ref'd n.r.e.); *Texas & N.O. Ry. Co. v. Tiner*, 262 S.W.2d 769 (Tex.Civ.App. —El Paso 1953, writ ref'd n.r.e.) Since the courts in Texas will not permit evidence of fringe benefits to diminish damages in a death action, we are of the opinion that the loss of fringe benefits, offered for the purpose of enhancing damages in a death action, should be excluded. Accordingly, we hold that evidence of the loss of minor's and mother's Social Security benefits, when offered for the purpose of enhancing or diminishing the survivor's damages, should be excluded.

The remaining points of error raised by the parties are overruled.

The judgment of the trial court is reversed and this cause is remanded to the trial court for a new trial.