Amalia RUIZ, Appellant,

v.

MILLER CURTAIN COMPANY, INC., Appellee.

No. 04–83–00435–CV.

Court of Appeals of Texas, San Antonio.

Feb. 6, 1985.

Rehearing Denied March 7, 1985.

Rodolfo R. Munoz, San Antonio, for appellant.

Shelton E. Padgett, J. Tullos Wells, Manitzas, Harris & Padgett, San Antonio, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment in a worker's compensation case granting a motion to dismiss for want of jurisdiction on the ground that the employee's cause of action for wrongful discharge under the non-discrimination provisions of TEX.REV. CIV.STAT.ANN. art. 8307c (Vernon Supp. 1985), was preempted by the National Labor Relations Act.[1]

This litigation began with a dispute between appellant Amalia C. Ruiz (Ruiz) and her employer, appellee Miller Curtain Company, Inc. (Miller Curtain), a business concern undisputably engaged in a business affecting interstate commerce. On February 4, 1982, Ruiz sued Miller Curtain in the 57th Judicial District Court of Bexar County, Texas, alleging she was wrongfully discharged by Miller Curtain because she commenced proceedings under the Texas Worker's Compensation Act for injuries occurring on the job; Ruiz also asserted a claim for relief for interfering with her civil rights pursuant to 42 U.S.C. § 1985 (1982). Miller Curtain's motion to remove the cause to federal court was granted and trial was had to a jury in the United States District Court for the Western District of Texas. The trial judge, H.F. Garcia, U.S. District Judge, concluded that there was no factual or legal basis for the federal claim asserted under section 1985 and dismissed it, remanding the remaining cause of action

---

1. National Labor Relations Act of 1935, Pub.L. No. 74–198, 49 Stat. 449 (codified as amended at 29 U.S.C. §§ 151–169 (1982)). Although reference is made to sections of the Act, citation will also be made to the corresponding United States Code section for ease of reference.

under article 8307c to the 57th Judicial District Court for further proceedings and disposition. In state court, Miller Curtain filed its motion to dismiss for want of jurisdiction and the trial judge entered judgment granting the motion premised upon the preemption of Ruiz's cause of action by the NLRA and that Ruiz take nothing. The appeal of this judgment raises the question for the first time in Texas whether a worker's cause of action for wrongful discharge under article 8307c against an employer engaged in a business affecting interstate commerce is preempted by sections 7, 29 U.S.C. § 157 (1982) and 8, 29 U.S.C. § 158 (1982), of the NLRA. We conclude that the conduct at issue in the case before us is arguably prohibited by the NLRA and hence within the exclusive jurisdiction of the National Labor Relations Board (NLRB). We affirm the judgment of the trial court.

Article 8307c provides as follows:

Protection of claimants from discrimination by employers; remedies; jurisdiction

Section 1. No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

Sec. 2. A person who violates any provision of Section 1 of this Act shall be liable for reasonable damages suffered by an employee as a result of the violation, and an employee discharged in violation of the Act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

Sec. 3. The district courts of the State of Texas shall have jurisdiction, for cause shown, to restrain violations of this Act.

TEX.REV.CIV.STAT.ANN. art. 8307c (Vernon Supp.1985).

It is undisputed that Miller Curtain was at all times material herein a business having interstate aspects that subject it to regulation under the NLRA. The sections of the NLRA pertinent to this appeal are sections 7, 29 U.S.C. § 157 (1982) and 8, 29 U.S.C. § 158 (1982). These broad provisions govern both protected "concerted activities" and "unfair labor practices."

Section 7 of the NLRA, 29 U.S.C. § 157 (1982), provides that:

Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities
. . . .

29 U.S.C. § 157 (1982).

The provisions of section 8 of the NLRA, 29 U.S.C. § 158 (1982), relevant to these proceedings are as follows:

(a) It shall be an unfair labor practice for an employer—

(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 . . . .

\* \* \* \* \* \*

*Id.* § 158(a)(1).

■ The federal preemption doctrine is clearly set out in the supremacy clause of the Constitution. U.S. CONST. art. VI, cl. 2. Preemption may be either express or implied, and is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose. *Fidelity Federal Savings & Loan Association v. De La Cuesta,* 458 U.S. 141, 154, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664, 676 (1982). Thus, in deciding whether a federal law preempts a state statute, the intent of Congress in enacting the federal statute at issue must be ascertained. The United States Supreme Court very clearly set out the intent of Congress in enacting the NLRA. In *San Diego Building Trades Council v.*

*Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959) (where Court held cause of action for damages resulting from peaceful picketing under certain California statutes preempted by sections 7 and 8), the Court stated the following:

Congress has entrusted administration of the labor policy for the Nation to a centralized administrative agency, armed with its own procedures, and equipped with its specialized knowledge and cumulative experience:

Congress did not merely lay down a substantive rule of law to be enforced by any tribunal competent to apply law generally to the parties. It went on to confide primary interpretation and application of its rules to a specifically and specially constituted tribunal and prescribed a particular procedure for investigation, complaint and notice, and hearing and decision, including judicial relief pending a final administrative order. Congress evidently considered that centralized administration of specially designed procedures was necessary to obtain uniform application of its substantive rules and to avoid these diversities and conflicts likely to result from a variety of local procedures and attitudes towards labor controversies....

*Id.* at 242–43, 79 S.Ct. at 778, 3 L.Ed.2d at 781–82 (quoting *Garner v. Teamsters, Chauffeurs & Helpers Local 776,* 346 U.S. 485, 490, 74 S.Ct. 161, 165–66, 98 L.Ed. 228, 239 (1953)).

■ When it is clear or may fairly be assumed that the activities which a state purports to regulate are protected by section 7 of the NLRA, or constitute an unfair labor practice under section 8, due regard for the federal enactment requires that state jurisdiction must yield. *Garmon,* 359 U.S. at 245, 79 S.Ct. at 780, 3 L.Ed.2d at 783. The U.S. Supreme Court in *Belknap, Inc. v. Hale,* 463 U.S. 591, 103 S.Ct. 3172, 77 L.Ed.2d 798 (1983), in determining whether a state statute or cause of action had been preempted by the NLRA, summarized the two doctrines to be applied, the pertinent one being as follows: "Under the first, set out in *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), state regulations and causes of action are presumptively preempted if they concern conduct that is actually or arguably either prohibited or protected by the Act...." *Belknap,* 463 U.S. at ——, 103 S.Ct. at 3177, 77 L.Ed.2d at 806–07 (citation omitted).

■ There are certain actions excepted from preemption where the doctrine set out in *Garmon,* does not apply. These exemptions are created in the NLRA by Congress.[2] Other actions excepted from preemption are those activities regulated by the state which are of peripheral concern to the NLRA. *See Linn v. United Plant Guard Workers Local 114,* 383 U.S. 53, 61, 86 S.Ct. 657, 662, 15 L.Ed.2d 582, 589 (1966) (civil action for malicious libel during organizing campaign not preempted where NLRA provided no remedy); *International Association of Machinists v. Gonzales,* 356 U.S. 617, 621, 78 S.Ct. 923, 925, 2 L.Ed.2d 1018, 1022 (1958) (civil action by employee for restoration of union status not preempted where NLRA provided no remedy). Cases involving violence, or the actual threat thereof, where the police power of the states to protect the safety of the public is involved are also exempted from preemption. *See Sears, Roebuck & Co. v. San Diego County District Council of Carpenters,* 436 U.S. 180, 207, 98 S.Ct. 1745, 1762–63, 56 L.Ed.2d 209, 231–32 (1978) (state trespass statutes); *UAW v. Russell,* 356 U.S. 634, 646, 78 S.Ct. 932, 939, 2 L.Ed.2d 1030, 1039 (1958) (suit for wages lost due to mass picketing and threats of violence); *UAW v. Wisconsin Employment Relations Board,* 351 U.S. 266, 274, 76 S.Ct. 794, 799, 100 L.Ed. 1162, 1172 (1956) (mass picketing and violence).

---

**2.** *See* National Labor Relations Act of 1935, §§ 14 (codified as amended at 29 U.S.C. § 164(c)), 301 (codified as amended at 29 U.S.C. § 185), 303 (codified as amended at 29 U.S.C. § 187).

These cases concerned activity that touched interests so deeply rooted in local feeling and responsibility that, absent compelling congressional direction, the U.S. Supreme Court refused to infer that Congress had deprived the states of the power to act. None of these limited exceptions is present in the instant case.

 We have found no decisions where the discharge of an employee for the filing of a worker's compensation claim has been held to be a violation of the NLRA and therefore conduct that is actually or arguably prohibited or protected by the NLRA. Appellee has referred us to *Krispy Kreme Doughnut Corp.*, 245 N.L.R.B. 1053 (1979), *enforcement denied*, 635 F.2d 304 (4th Cir. 1980), as determinative of the issue before us. In *Krispy Kreme*, however, the NLRB affirmed the administrative law judge's finding that an employer had violated the NLRA when it discharged an employee solely because of the employee's express intention to file a worker's compensation claim. There the NLRB found the employee's activity protected because the matter of worker's compensation benefits arose out of the employment relationship and was of common interest to other employees. Accordingly, the discharge denied access to compensation to an individual employee and, by example, to other employees. *Id.* at 1062. Even though the same reasoning could apply to the instant case, we cannot hold that the filing of a worker's compensation claim is covered per se by the Act. We agree with the concurring opinion of NLRB Member Zimmerman in *Ohio Brass Co.*, 261 N.L.R.B. 137 (1982), wherein he states that:

> Filing workers' compensation claims, however, should be distinguished as an *implied* section 7 right. Such claims do arise out of the employment relationship, and are presumed to be of common interest to other employees, absent evidence of disavowal of concern by employees. The filing of such claims is thus protected by the Act only through a rebuttable presumption that the activity is concert-

ed, and, unlike union activity, it is not covered *per se* by the Act ....

*Id.* at 139. (Footnote omitted).

 The record before us being void of any evidence indicating a disavowal of concern by other Miller Curtain employees, we hold that the conduct at issue is arguably prohibited by the NLRA and hence within the exclusive jurisdiction of the NLRB.

Accordingly, the judgment of the trial court is affirmed.