**AZAR NUT COMPANY, Appellant,**

v.

**Lorretta CAILLE, Appellee.**

**No. 08–85–00347–CV.**

Court of Appeals of Texas,
El Paso.

Nov. 26, 1986.

Rehearing Denied Dec. 23, 1986.

W.A. Thurmond, Jeffrey S. Alley, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellant.

Raymond Caballero, El Paso, for appellee.

Before SCHULTE, ARMENDARIZ and FULLER, JJ.

## OPINION

FULLER, Justice.

Appellee sued her former employer claiming wrongful discharge because she had filed a worker's compensation claim. Appellant appeals from an adverse verdict. We affirm the judgment of the trial court.

Appellee was hired on March 16, 1982, as personnel director of Appellant's company. She was college-educated with thirteen years' experience in personnel work. On December 22, 1983, she was injured on the job when a file cabinet fell on her resulting in injuries, the more serious being a claimed loss of hearing in one ear. She filed a claim under the Texas Worker's Compensation Act. On May 25, 1984, she was terminated. She was then over sixty-

four years of age and was making $23,-500.00 annual salary. She sued Appellant for wrongful discharge. Appellant claimed her termination had nothing to do with her filing of the compensation claim. The verdict was for Appellee, awarding her damages of $167,464.00 and exemplary damages of $175,000.00. Appellant's motion for new trial and for judgment notwithstanding verdict was overruled, and Appellant appeals.

Appellant's Points of Error Nos. One and Two urge that the trial court erred in submitting issues on exemplary damages and in entering judgment for exemplary damages for the reason that such damages are not recoverable in a wrongful discharge case [Article 8307c].

Tex.Rev.Civ.Stat.Ann. art. 8307c, sec. 2, provides that in a wrongful discharge case the employee shall be entitled to "reasonable damages suffered by an employee" as a result of the violation. The statute does not limit damages to only "actual damages," and therefore, we find that exemplary damages are recoverable in a wrongful discharge case. *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985); *Carnation Company v. Borner,* 610 S.W.2d 450 (Tex.1980); *VanTran Electric Corporation v. Thomas,* 708 S.W.2d 527 (Tex. App.—Waco 1986, writ ref'd n.r.e.). Points of Error Nos. One and Two are overruled.

Point of Error No. Three claims the trial court erred in that it failed to instruct the jury that "but for" the filing of a worker's compensation claim the employee would not have been discharged.

Point of Error No. Four claims error in the instruction on causation, and Point of Error No. Five complains of submission of one issue on causation when two separate worker's compensation claims were filed, one of which was in dispute.

Tex.Rev.Civ.Stat.Ann. art. 8307c, sec. 1, provides that "[n]o person may discharge ... any employee because the employee has in good faith filed a claim,...." The trial court instructed the jury that Appellee had to prove by a preponderance of the evidence that (1) Appellant discharged or in some manner discriminated against Appellee because (2) she in good faith filed a worker's compensation claim and (3) Appellant's conduct resulted in damages to Appellee.

■ The jury's instruction in connection with such issue was that Appellee did not have to prove her discharge was solely because of the worker's compensation claim but that her proceeding under the worker's compensation act was a determining factor in her discharge. We find that such issue and instructions adequately set forth the law. Tex.Rev.Civ.Stat.Ann. art. 8307c. Appellee did not have to prove that her discharge was solely because of her worker's compensation claim. *Santex, Inc. v. Cunningham,* 618 S.W.2d 557 (Tex.Civ. App.—Waco 1981, no writ). She merely had to show a causal connection between her discharge and her claim for worker's compensation benefits. *Hughes Tool Company v. Richards,* 624 S.W.2d 598 (Tex.Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2272, 73 L.Ed.2d 1286 (1982). Appellee's alleged injuries arose out of the same incident of December 22, 1983, and the submission of one issue was not error. Rule 277, Tex.R.Civ.P. We overrule Appellant's Points of Error Nos. Three, Four and Five.

Points of Error Nos. Six, Seven, Eight, Nine and Ten go to Appellee's duty to mitigate damages.

Point of Error No. Six urges that the actual damages found by the jury were against the greater weight and preponderance of the evidence because of Appellee's duty to mitigate and that she had refused Appellant's job offer.

The court properly instructed the jury on Appellee's duty to mitigate by making a good faith effort to obtain and retain employment. *Gulf Consolidated International, Inc. v. Murphy,* 658 S.W.2d 565 (Tex.1983).

■ The mere fact that Appellee rejected a job offer by Azar Western Pecan Growers, Inc., an affiliate of Appellant,

does not in itself prove that Appellee failed to mitigate her damages. There was evidence in the record concerning the sincerity of the job offer, and it was properly up to the jury to resolve whether or not the Appellee had a reasonable explanation for rejecting the job offer. Appellant's Point of Error No. Six is overruled.

Points of Error Nos. Seven and Eight claim error in the trial court's admitting into evidence Appellee's attorney's letter addressed to Appellant rejecting Appellant's offer of employment.

In an attempt to show the jury that Appellee failed to mitigate her damages by rejecting employment, the Appellant introduced into evidence a letter written by Phillip Azar, Sr., who was vice president, vice chairman of the board and owner of fifty percent of the stock of Appellant's company. Phillip Azar, Sr. was also the twin brother of Edward Azar, the president of the Appellant company. Phillip Azar, Sr. was president of Azar Western Pecan Growers, Inc., a corporation closely aligned with the Appellant company. The letter offering employment written by Phillip Azar, Sr. offered Appellee a job at the same salary she was making at the time of her termination. The letter was written at the time the case was in litigation, and copies were sent to Edward Azar, Appellee's attorney and Appellant's attorney. This letter brought a written response from Appellee's attorney rejecting the job offer and giving reasons for the rejection.

■ Appellant chose to offer this letter into evidence rather than to rely on oral testimony as proof that the Appellee failed to mitigate damages. Appellee's attorney objected to the admission of this letter and advised the court that if the letter was admitted he would attempt to offer into evidence the reply he made to the letter. Knowing full well that this might happen, the Appellant went ahead and offered the letter into evidence, and now objects to the admission into evidence of the letter written by Appellee's attorney rejecting the job offer. The trial court has discretion and could properly admit the letter under the

rule of optional completeness. Rule 106, Tex.R.Evid. The court made certain deletions in the letter, and the Appellant still claims error. This Court finds that if there was any error in its admission into evidence, such was invited by the Appellant and it cannot now complain. Appellant's Points of Error Nos. Seven and Eight are hereby overruled.

■ Point of Error No. Nine complains of the failure of the trial court to allow Appellant to cross-examine Appellee about her attorney's contingency fee interest in the outcome of the case. Bias or prejudice of the attorney representing the respective parties has no bearing and is not material. Appellee did not sue for attorney's fees and, therefore, the trial court's rejection of the attempt to introduce the evidence about the attorney's contingency fee contract was properly refused. We overrule Appellant's Point of Error No. Nine.

Point of Error No. Ten complains of error in that the trial court excluded evidence of Appellee's income from Social Security and retirement benefits.

■ Appellant attempted to introduce evidence of Appellee's receipt of Social Security and retirement benefits as her motive for refusal of employment or her lack of enthusiasm for obtaining employment. The trial court excluded such evidence and could properly do so, since it represents income from a collateral source and should not have been admitted. *McLemore v. Broussard*, 670 S.W.2d 301 (Tex.App.—Houston [1st Dist.] 1983, no writ). *Texas General Indemnity Company v. Hamilton*, 420 S.W.2d 735 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.); *Traders and General Insurance Company v. Reed*, 376 S.W.2d 591 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.). Appellant's Point of Error No. Ten is overruled.

■ Point of Error No. Eleven claims the trial court lacked jurisdiction in wrongful discharge cases because such cases have been preempted by the National Labor Relations Act. This point has been decided adversely to Appellant in *Ruiz v.*

*Miller Curtain Company,* 686 S.W.2d 671 (Tex.App.—San Antonio 1985), *rev'd and remanded,* 702 S.W.2d 183 (Tex.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 3295, 92 L.Ed.2d 710 (1986). Appellant's Point of Error No. Eleven is overruled.

The judgment of the trial court is affirmed.

SCHULTE, Justice, dissenting.

I respectfully dissent from the majority opinion insofar as it approves exemplary damages under the present wrongful discharge statute. The key language contained in Tex.Rev.Civ.Stat.Ann. art. 8307c, sec. 2 (Vernon Supp.1986), limits the award to "reasonable damages suffered by an [the] employee." The court by its charge to the jury in this case defined exemplary damages as follows:

"EXEMPLARY DAMAGES" means an amount which you in your discretion may award as an example to others and as a penalty by way of punishment, in addition to any amount which you may have found as actual damages.

Thus, it appears by the very definition given in this case that exemplary damages constitute an element beyond and not included within the "reasonable damages suffered by an [the] employee." Punitive damages are "suffered" by no one and are not recoverable under the clear wording of the statute. Under the charge, the jury was asked to award punitive damages as a purely extrinsic independent element, wholly apart from actual damages.

The legislature had no problem spelling out exemplary damages under the same act in those instances where such damages were intended, as in Tex.Rev.Civ.Stat.Ann. art. 8306, sec. 5 (Vernon 1967). To engraft "exemplary damages" judicially onto the wrongful discharge statute, as the trial court and the majority have done, is a usurpation of legislative power condemned in *Seay v. Hall,* 677 S.W.2d 19, 25 (Tex. 1984). It is the judicial role to enforce the legislative choice of measure of damages, not to redraft the act.

I would sustain Points of Error Nos. One and Two, reverse and render as to exemplary damages, and affirm the judgment insofar as it awards reasonable damages found by the jury in the sum of $167,464.00, but would reform the judgment to delete the $175,000.00 exemplary damages.