Mark CARROZZA, Appellant,

v.

TEXAS DIVISION–TRANTER,
INC., Appellee.

No. 2–93–002–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 11, 1994.

Rehearing Denied Feb. 15, 1994.

Holly Crampton, Crampton & Crampton, Wichita Falls, for appellant.

Charles B. Russell, Russell, Tate and Gowan, P.C., Wichita Falls, for appellee.

Before LATTIMORE, HICKS and FARRAR, JJ.

## OPINION

HICKS, Justice.

Mark Carrozza sued Texas Division— Tranter, Inc., his former employer, for wrongful discharge under former article 8307c of the Workers' Compensation Act. Act of April 22, 1971, 62nd Leg., R.S., ch. 115, § 1, 1971 Tex.Gen.Laws 884, *repealed by* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 5(1), 1993 Tex.Gen.Laws 987, 1273 (to be codified at TEX.LABOR CODE ANN. § 451.001). Under article 8307c, an employer is prohibited from firing an employee in retaliation for filing a workers' compensation claim.[1] Tranter moved for summary judgment alleging that: (1) no causal link existed between Carrozza's termination and his claim for workers' compensation benefits; and (2) under a collective bargaining agreement, Carrozza was estopped from bringing suit. The trial court granted Tranter's motion for summary judgment.

We reverse and remand.

On November 28, 1990, while employed by Tranter, Carrozza suffered an on-the-job injury. After seeing a doctor at the Wichita Falls Clinic, he was excused from work until December 5, 1990. He then sought medical treatment from his personal physician, who excused him from work until January 3, 1991. Because the plant was closed the first week of January, Carrozza was not expected to return to work until January 7, 1991.

Carrozza did not report for work on January 7, 8, or 9, 1991, and had not requested permission to be further absent from work. The collective bargaining agreement between Carrozza's union and Tranter provided that an employee could not be absent from work for three consecutive regular work days without requesting permission to be absent or without notifying the company during those three days of the necessity of being absent, unless the failure to do so was due to circumstances beyond the employee's control. This is called the "three-day rule." Tranter fired Carrozza for violation of this rule. That Carrozza violated the three-day rule is not in dispute.

Initially, Carrozza filed a grievance with the union and requested arbitration. After a hearing, the arbitrator denied Carrozza's grievance and found that Carrozza had been properly terminated for violation of the three-day rule. This lawsuit ensued.

■ The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548 (Tex. 1985); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant. *Nixon*, 690 S.W.2d at 548–49; *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in his favor. *Nixon*, 690 S.W.2d at 549; *Montgomery*, 669 S.W.2d at 311. If, as in this case, the judgment granting the motion for summary judgment does not specify upon which ground it is based, to obtain reversal, the appellant must show that all of the independent grounds alleged are insufficient to support

---

1. Article 8307c provides as follows:
   No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.
   Act of April 22, 1971, 62nd Leg., R.S., ch. 115, § 1, 1971 Tex.Gen.Laws 884 (repealed 1993).

the judgment. *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex.1989); *Tilotta v. Goodall*, 752 S.W.2d 160, 161 (Tex.App.— Houston [1st Dist.] 1988, writ denied).

■ In his first point of error, Carrozza alleges that the trial court erred in granting the motion for summary judgment because the evidence does not conclusively establish the lack of a causal link between his termination and his filing for workers' compensation benefits. In an 8307c case, the plaintiff has the burden of establishing a causal link between the firing and the filing of a workers' compensation claim. *Palmer v. Miller Brewing Co.*, 852 S.W.2d 57, 62 (Tex.App.— Fort Worth 1993, writ denied); *Hughes Tool Co. v. Richards*, 624 S.W.2d 598, 599 (Tex. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.), *cert. denied*, 456 U.S. 991, 102 S.Ct. 2272, 73 L.Ed.2d 1286 (1982); *see Hunt v. Van Der Horst Corp.*, 711 S.W.2d 77, 80 (Tex.App.—Dallas 1986, no writ). But a plaintiff does not have to show that he was fired solely because he filed for workers' compensation. *Trevino v. Corrections Corp. of America*, 850 S.W.2d 806, 808 (Tex.App.— El Paso 1993, writ denied); *Azar Nut Co. v. Caille*, 720 S.W.2d 685, 687 (Tex.App.—El Paso 1986), *aff'd*, 734 S.W.2d 667 (Tex.1987); *Santex, Inc. v. Cunningham*, 618 S.W.2d 557, 559 (Tex.Civ.App.—Waco 1981, no writ).

■ In the case before us, all affidavits submitted by Tranter in support of its motion for summary judgment were made by its employees—Vice–President Patel who also served as the General Manager, Controller Downes, Personnel Assistant Jackson, and Foreman Springer. These affidavits addressed the issue of intent. Patel, Downes, and Jackson each stated that Carrozza's termination had nothing whatsoever to do with his filing a workers' compensation claim, and that Carrozza was terminated solely for violation of the three-day rule.

In his affidavit filed in response to Tranter's motion for summary judgment, Carrozza stated that he had been employed by Tranter for thirteen years, and had been a good employee. He further stated that he believes he was fired because he filed a workers' compensation claim, and that no other legitimate reason existed for his termination.

In addition, Carrozza knows of other people fired by Tranter after filing for workers' compensation. Carrozza argues quite persuasively that a jury could conclude, if given the opportunity, that the termination was a direct result of his filing the compensation claim.

The Dallas Court of Appeals, in the case of *Hunt*, 711 S.W.2d at 79, held that the use of affidavits of employees and other interested witnesses addressing the issue of intent is inappropriate in summary judgment cases. The *Hunt* case supports Carrozza's position as do other cases. *See Nautical Landings Marina v. First Nat'l Bank*, 791 S.W.2d 293, 300 (Tex.App.—Corpus Christi 1990, writ denied); *Fleetwood v. Med Center Bank*, 786 S.W.2d 550, 556 (Tex.App.—Austin 1990, writ denied); *Bankers Commercial Life Ins. Co. v. Scott*, 631 S.W.2d 228, 231 (Tex.App.— Tyler 1982, writ ref'd n.r.e.). Affidavits have been held uncontrovertible when made by an interested witness regarding his state of mind. *See Bankers Commercial Life Ins. Co.*, 631 S.W.2d at 231. Viewing the evidence in the light most favorable to Carrozza, we conclude that the summary judgment evidence is not conclusive on the issue of whether Carrozza's filing for workers' compensation benefits was a factor in his termination. We sustain point of error number one because the affidavits of Tranter's employees will not support a motion for summary judgment when the issue of intent is critical to the disposition of the case.

■ In point of error number two, Carrozza alleges that the trial court erred in granting Tranter's motion for summary judgment because the nature of an 8307c discharge does not lend itself to summary judgment application. Although we agree with Carrozza that summary judgment was improper in this case because there are material issues of fact to be resolved, we refuse to hold that summary judgment is inappropriate in every action under 8307c. Point two is overruled.

■ In point of error number three, Carrozza alleges that the trial court erred in granting the motion for summary judgment on the basis that Carrozza is estopped from bringing a wrongful discharge claim by the

collective bargaining agreement and the arbitration decision made thereunder. As support for this contractual estoppel argument, Tranter relies heavily on this court's opinion in *Swanson v. American Manufacturing Co.*, 511 S.W.2d 561 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n.r.e.), and other similar cases. We believe this reliance is misplaced.

In *Swanson,* the plaintiff falsely represented in his employment application that he had never filed a workers' compensation claim. The application stated, "I understand that any false and misleading information made in connection with this application will result in revocation of same and/or dismissal from employment...." *Id.* at 562–63. This court held that the plaintiff's false representation became a part of his employment contract, and that he was estopped under the contract from taking the position that his dismissal was actionable under the Workers' Compensation Act. *Id.* at 565.

In the instant case, however, the contract which Tranter asserts estops Carrozza from bringing a wrongful discharge suit is not an employment contract between employer and employee, but a collective bargaining agreement. *International Union v. Johnson Controls,* 786 S.W.2d 265 (Tex.1990), is directly on point. In *International Union,* the plaintiff brought an 8307c action against his employer, and the trial court granted the employer's motion for summary judgment. Plaintiff's union initiated grievance arbitration, and the arbitrator's decision was in the employer's favor. On appeal, the employer argued that the arbitration decision preempted an action under the Workers' Compensation Act. The Texas Supreme Court held that it did not. It is therefore clear that under the laws of this State, even when an arbitration decision is adverse to an employee, he still has the right to bring a wrongful discharge action under 8307c. *See id.* at 265. Point three is sustained.

Accordingly, we reverse the judgment of the trial court and remand this cause for trial on the merits.