**Vicki MITCHELL, Appellant,**

v.

**JOHN WIESNER, INC., Appellee.**

No. 09–95–135 CV.

Court of Appeals of Texas, Beaumont.

May 30, 1996.

Timothy A. Hootman, Hootman & Company, LaPorte, for appellant.

Paul R. Lawrence, Lawrence, Baca & Donohue, Houston, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

This is a summary judgment case. On February 17, 1993, Vicki Mitchell, an employee of John Wiesner, Inc., filed a claim with the Industrial Accident Board alleging she suffered an on-the-job-injury on February 15, 1993.[1] On March 8, 1993, Mitchell was terminated. Mitchell filed suit pursuant to TEX.REV.CIV.STAT.ANN. art. 8307c (Vernon Supp.1989)[2] alleging she had been discharged in retaliation for filing a workers' compensation claim.

Weisner filed a motion for summary judgment raising the after-acquired evidence doctrine and relying upon *Jordan v. Johnson Controls*, 881 S.W.2d 363 (Tex.App.—Dallas 1994, writ denied).[3] Weisner submitted, as summary judgment evidence, a portion of Mitchell's deposition and the affidavit of Cecile Hanus, Weisner's business manager. Ms. Hanus' affidavit stated she was the individual responsible for "hiring and firing certain persons" such as Mitchell, she made the initial determination to employ Mitchell for a 90–day probationary period, the job required a high school diploma, Mitchell's application claimed she had a high school diploma, Mitchell would not have been hired if Hanus had known Mitchell did not have the diploma, that Mitchell lying on her application was grounds for discharge and she would have been discharged. Mitchell's deposition established she did not have a high school diploma.

Mitchell filed a response to the motion for summary judgment, with an affidavit from Mitchell, objecting to the deposition evidence because the deposition was not on file and

1. The Texas Worker's Compensation Appeals Panel found in favor of Mitchell. The workers' compensation carrier filed suit and the district court granted the carrier an instructed verdict. This court, in an unpublished opinion, reversed and remanded for a new trial. *Mitchell v. Service Lloyds Ins. Co.*, No. 09–94–382 CV (Tex. App.—Beaumont January 25, 1996, application for writ pending).

2. Now TEX.LAB.CODE ANN. § 451.001(1) (Vernon Pamph.1996).

3. In *Jordan*, the Dallas Court of Appeals adopted the after-acquired evidence doctrine in article 8307c cases.

objecting to the Hanus' affidavit as hearsay, lack of personal knowledge and unsubstantiated opinion, being the affidavit of an interested witness which is not clear, positive, direct credible, free from contradiction and cannot be easily controverted. Further, Mitchell denied the applicability of the after-acquired evidence doctrine. Mitchell's affidavit alleged Britta [sic] Tarver hired and fired her and verified, as a true and correct copy, the termination letter from Wiesner, signed by Brita Tarver.[4]

Wiesner filed an amended motion for summary judgment which was identical to the original motion except it relied upon the affidavit of Angela McCreery Bacon. Bacon's affidavit stated she was the former billing clerk of Wiesner during the period in question, she knew the policies and rules of Wiesner, Mitchell was employed on a standard 90–day probationary period, Mitchell stated in her employment application that she had a high school diploma, the position Mitchell was applying for required a high school diploma, Mitchell would not have been hired if her application had been completed accurately and it was grounds for discharge to submit a falsified application. The trial court granted the amended motion for summary judgment.

Mitchell brings a single point of error: "The trial court erred in granting appellee's motion for summary judgment."[5] Mitchell argues (1) the affirmative defense of after-acquired evidence is not a valid defense of an article 8307c claim and, therefore, *Jordan v. Johnson Controls* should not be followed and (2) if the after-acquired evidence defense is valid, a fact question exists.

 ⌐TEX.REV.CIV.STAT.ANN. art. 8307c has been referred to as the "Anti–Retaliation Law"[6]. The Anti–Retaliation Law's purpose is to protect persons who are entitled to benefits under the workers' compensation act and to prevent them from being discharged for having taken steps to collect such benefits. *Carnation Co. v. Borner,* 610 S.W.2d 450, 453 (Tex.1980). To prove an Anti–Retaliation Law claim, the plaintiff need not show the discharge was *solely* because of the workers' compensation claim; even if other reasons for discharge exist, the worker may recover if retaliation is *also* a reason. *Azar Nut Co. v. Caille,* 720 S.W.2d 685, 687 (Tex. App.—El Paso 1986), *affirmed,* 734 S.W.2d 667 (Tex.1987). The opinions of a sister court of appeals are not precedent that bind other courts of appeals, *Eubanks v. Mullin,* 909 S.W.2d 574 (Tex.App.—Fort Worth 1995, no writ), therefore we are not bound by *Jordan v. Johnson Controls.*[7] Nor can we improve on that portion of Chief Justice McGarry's dissent entitled "The After-acquired Evidence Defense is Inconsistent with the Established Law of Retaliatory Discharge", *Jordan,* 881 S.W.2d at 371, and that portion of Justice Chapman's dissent entitled "Public Policy", *Jordan,* 881 S.W.2d at 374. Therefore, we do not adopt the after acquired evidence defense in Texas as it relates to Anti–Retaliation Law claims. The summary judgment is reversed.

REVERSED AND REMANDED.

WALKER, Chief Justice, dissenting and concurring.

I respectfully dissent to this Court's refusal to adopt the after-acquired evidence defense as same relates to Anti–Retaliation Law claims.

Our majority agrees with the dissenting opinion in *Jordan v. Johnson Controls, Inc.,* 881 S.W.2d 363, 371 (Tex.App.—Dallas 1994, writ denied), overlooking or failing to recognize numerous authorities, both State and Federal, supportive of the *Jordan* court's adoption of the after-acquired evidence doctrine in article 8307c cases.[1]

Something is sadly wrong with protecting job applicants who lie in order to obtain

---

4. The grounds for termination were absenteeism, confrontations with co-workers and substandard work habits.

5. *See Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119 (Tex.1970).

6. *City of LaPorte v. Barfield,* 898 S.W.2d 288, 293 (Tex.1995).

7. One of our sister courts has declined to follow a plurality opinion of the Court of Criminal Appeals. *See Hatcher v. State,* 916 S.W.2d 643 (Tex.App.—Texarkana 1996, n.w.h.).

1. *See, e.g., Milligan–Jensen v. Michigan Tech. Univ.,* 975 F.2d 302, 304–305 (6th Cir.1992), *cert. dism'd,* 509 U.S. 943, 114 S.Ct. 22, 125 L.Ed.2d 773 (1993); *Washington v. Lake County, Ill.,* 969

employment. Something is also wrong when we attempt to "flower" the word "lie" by use of synonyms such as "falsification," "falsehood," "misrepresentation," "fib," "prevaricate," "equivocate," "falter," seeking to avoid full blunt import. I suppose it is through the avoidance of blunt import, that we more readily fault the victim of the "fabrication," than the fabricator. Actually, we reward the "equivocator" to the detriment of the innocent for in the long-haul, the employer, the comp-carrier and society generally, must step forward and make recompense for the "prevaricator's" "faux pas." There exist so many restrictions on employers as to what they can and cannot ask potential employees prior to hiring. Justice Chapman, by dissenting opinion states: "It [Johnson Controls, Inc.] could have investigated him to discover prior convictions, but, for whatever reason, it hired him." *Jordan*, 881 S.W.2d at 371. Obviously, the "whatever reason" was that Johnson Controls *believed Jordan's* application which verified that he had "never been convicted of a felony or other serious crime." *Id.* at 364. After terminating Jordan for absenteeism, Johnson Controls discovered Jordan had been convicted of armed robbery and served time in a state penitentiary. *Id.* at 365. Clearly, Johnson Controls would not have hired this convicted felon had they known these very material facts. *Id.*

Justice Chapman's statement that "It could have investigated him ..." deserves some retort. How does an employer adequately "investigate" a job applicant even with effective consent of the applicant? How can a potential employer adequately check the possible criminal history of an applicant without running afoul of restrictive access to law enforcement data? A trip to the local courthouse for open record search may not reveal the applicant was convicted in forty-nine other states.

I believe *Jordan* to be good and sound law. *Jordan* follows *Swanson v. American Mfg. Co.*, 511 S.W.2d 561 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n.r.e.) which is also sound law.[2]

Now, to my reasons for agreeing that remand is proper here. Appellant Mitchell's employment application stated Mitchell had a high school diploma when, in fact, Mitchell had a high school equivalency diploma, to wit, a G.E.D. With very little effort, appellee, at the time of employment and as a condition of employment, could have requested a copy of appellant's high school credentials. For whatever reason, appellee was not concerned enough, at the time of employment, to attempt verification. Appellee, now, after the fact of employment and after the fact of job-related injury, attempts to capitalize on a technical misrepresentation.

Unfortunately, it is difficult, if not judicially impossible, to design a hard, fast and static rule relating after-acquired evidence to justifiable discharge. It appears the ends of justice through appropriate due process require a case by case appraisal, leaving the general rule announced by *Jordan* in tact.

In weighing these cases, courts should be mindful of *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. ——, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995), which requires an employer, seeking to rely on such after-acquired evidence, to first establish that the wrongdoing was of such severity that the employee, in fact, would have been terminated on those grounds alone if the employer had known of such wrongdoing at the time of discharge.

Thus, my dissent and my concurrence.

F.2d 250, 256 (7th Cir.1992); *Johnson v. Honeywell Info. Sys., Inc.*, 955 F.2d 409, 415 (6th Cir.1992); *Summers v. State Farm Mut. Auto. Ins. Co.*, 864 F.2d 700, 708 (10th Cir.1988); *Bonger v. American Water Works*, 789 F.Supp. 1102, 1105–07 (D.Colo.1992); *Churchman v. Pinkerton's Inc.*, 756 F.Supp. 515, 520–21 (D.Kan. 1991); *Mathis v. Boeing Military Airplane Co.*, 719 F.Supp. 991, 994–95 (D.Kan.1989); *but see Wallace v. Dunn Constr. Co., Inc.* 968 F.2d 1174, 1178 (11th Cir.1992) (court rejects Summers approach). *Swanson v. American Mfg. Co.*, 511 S.W.2d 561 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n.r.e.).

**2.** Our majority places heavy reliance upon the dissenting opinions in *Jordan*. It should be noted that the two dissenting Justices in *Jordan* were not on the panel assigned to that case. The three assigned Justices were unified in the majority opinion. Also worthy of note, our Texas Supreme Court denied writ in *Jordan*.