In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00214-CV**
_____

**JORDAN ROGERS, Appellant**

**V.**

**BENJAMIN DAVID BRYAN, Appellee**

_____

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-04-05679-CV**
_____

**MEMORANDUM OPINION**

The Memorandum Opinion and Judgment issued by this court on January 11, 2024, is withdrawn and the following Memorandum Opinion is substituted therefor. The Appellant's motion for rehearing and motion for rehearing en banc are denied.

**I. Background**

In 2021, Rogers sued Bryan over the ownership of a dog; she also alleged intentional infliction of emotional distress. Rogers' petition, however, included

scandalous allegations beyond what was needed to support her claims. When Bryan learned that Rogers had published these allegations to members of the community, including Bryan's former wife, he filed a counterclaim for defamation and moved for sanctions against Rogers. Rogers sought to dismiss the counterclaim on the basis of the TCPA. The trial court denied Rogers' motion, and we affirmed that denial.[1]

After we issued our mandate in the previous appeal, and after we held in a case involving Intervenor that a motion for sanctions is not a "legal action" subject to the TCPA, Rogers sought to dismiss Bryan's previously granted motion for sanctions, claiming the protection of the TCPA, and contending that a motion for sanctions is a "legal action."[2] The trial court denied Rogers' TCPA motion, struck Rogers' pleadings, imposed sanctions against Rogers, and Rogers filed this appeal.

## II. Analysis

We review a trial court's denial of a TCPA motion to dismiss de novo. *See Walker v. Hartman*, 516 S.W.3d 71, 79-80 (Tex. App.—Beaumont 2017, pet. denied) (citation omitted); *see also Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 897 (Tex. 2018) (citations omitted). We consider the pleadings and affidavits stating facts upon which liability or any defense is based in the light most favorable

---

[1] *Rogers v. Bryan*, No. 09-21-00338-CV, 2023 Tex. App. LEXIS 505, at **49-50 (Tex. App.—Beaumont Jan. 26, 2023, no pet.) (mem. op.).

[2] *See Thuesen v. Scott*, 667 S.W.3d 467, 477 (Tex. App.—Beaumont 2023, no pet.) (Appellant Mark Thuesen is an intervenor in the instant case).

to the nonmovant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a); *In re Lipsky*, 460 S.W.3d 579, 586-87 (Tex. 2015) (orig. proceeding); *Push Start Indus., LLC v. Hous. Gulf Energy Corp.*, No. 09-19-00290-CV, 2020 WL 7041567, at *3 (Tex. App.—Beaumont Nov. 30, 2020, no pet.) (mem. op.) (citations omitted).

In our previous opinion involving this same litigation, we explained the TCPA's three-step procedure for analyzing a motion to dismiss. *See Rogers v. Bryan*, No. 09-21-00338-CV, 2023 Tex. App. LEXIS 505, at **36-37 (Tex. App.— Beaumont Jan. 26, 2023, no pet.) (mem. op.). That procedure has not changed. Because a motion for sanctions is not a legal action, however, our analysis of Rogers' argument has changed: Rogers has failed to show that Bryan filed a "legal action" that can be addressed through a TCPA motion to dismiss. *See Thuesen v. Scott*, 667 S.W.3d 467, 477 (Tex. App.—Beaumont 2023, no pet.). Absent the "legal action" that is a prerequisite to a TCPA challenge, we do not ask whether Rogers filed a legal action that "is based on or in response to [her] exercise of the right of free speech, the right of association, or the right to petition." *Rogers*, 2023 Tex. App. LEXIS 505, at *36. Because Rogers has failed to satisfy the initial inquiry in a TCPA analysis, it is unnecessary to consider the second or third steps in the process.

Assuming without deciding that Bryan's motion for sanctions is, as Rogers argues, a counterclaim, we have previously addressed and rejected the application

3

of the TCPA to Bryan's counterclaim for defamation. *See Rogers*, 2023 Tex. App. LEXIS 505, at **36-50.

Rogers' contention that her TCPA motion was not frivolous has not been adequately briefed, in that it does not contain "*appropriate* citations to authorities." See Tex. R. App. P. 38.1(i) (emphasis added). In fact, this section of Rogers' brief contains no citations to controlling authority from this court, but instead references only opinions from our sister courts. Rogers failed to consider our opinion in *Thuesen*, issued six weeks before Rogers filed her most recent TCPA motion and four months before she filed her appellate brief. *See Thuesen*, 667 S.W.3d at 477. Instead, Rogers cites authority from other courts of appeals which, she claims, have some persuasive authority as to the definition of "legal action" under the TCPA. Our court has already determined that sanctions do not constitute "legal actions" for purposes of the TCPA. When authority conflicts, it is our own opinion, and not those of sister courts, that dictates the outcome of this question. *See Mitchell v. John Wiesner, Inc.*, 923 S.W.2d 262, 264 (Tex. App.—Beaumont 1996, no writ). Because *Thuesen* unequivocally holds that a motion for sanctions is not a legal action vulnerable to a TCPA defense, and because we issued *Thuesen* before Rogers argued otherwise, thus eliminating any uncertainty on this point, we conclude that the trial court did not err in finding Rogers' TCPA motion frivolous.

4

We also reject Rogers' argument that she had an "alternative" theory that the motion for sanctions constituted a libel suit (and not a motion for sanctions). The trial court correctly concluded that the motion for sanctions was a "motion for sanctions" and properly rejected all of Rogers' arguments.

We overrule all of Rogers' appellate arguments.

### III. Conclusion

Because a motion for sanctions is not a "legal action," as contemplated by the TCPA, the TCPA does not apply to such a motion. We therefore affirm the trial court's denial of Rogers' TCPA motion to dismiss Bryan's motion. We deny Bryan's request for sanctions against Rogers for filing a frivolous appeal. Tex. R. App. P. 45.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on November 13, 2023
Opinion Delivered February 8, 2024

Before Horton, Johnson and Wright, JJ.