**HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE,**
Appellant,

v.

**R.R.R., Appellee.**

**No. 14–95–00845–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 25, 1996.

Scott A. Durfee, Houston, for appellant.

Matt Hennessy, Dick DeGuerin, Houston, for appellee.

Before LEE, YATES and EDELMAN, JJ.

## OPINION

LEE, Justice.

The trial court ordered the expunction of all criminal records relating to appellee's arrest and indictments in 1988. The district attorney appeals in four points of error. We affirm.

Appellee, R.R.R., was arrested in Salt Lake City, Utah, in August 1988, pursuant to a felony complaint in Harris County for aggravated sexual assault of a child. He posted bond and appeared before a grand jury which was considering whether to indict him on the charge. In addition to the complainant and other witnesses, appellee testified before the grand jury on two different occasions. The grand jury declined to indict appellee for the offense, returning a no-bill in cause number 509,576.

Within days of the grand jury's no-bill, appellee filed his original petition for expunction.[1] However, soon thereafter, the state again presented the complaint to a grand jury. Apparently, appellee was not notified of the complaint being presented to a second grand jury and this time he did not testify nor was other exculpatory evidence presented. The grand jury returned an indictment in cause number 517,406.

Later, appellee filed a motion to quash the indictment with the criminal trial court. He alleged that the grand jury was not presented sufficient information and that the prosecutor withheld information beneficial to him from the grand jury. Specifically, he claimed:

1. He had testified before the original grand jury twice, but was "not allowed" to testify before the second grand jury.

2. The second grand jury was not told that he had submitted to and passed a polygraph examination.

3. The second grand jury was not informed of the complainant's psychiatric history which indicted that the complainant was suffering from a mental condition which adversely affected his credibility.

4. The second grand jury was not informed of inconsistencies between the complainant's previous testimony and his mother's testimony.

The criminal trial court quashed the indictment and ordered that any future grand jury proceedings be transcribed. After the indictment was quashed, the assistant district attorney notified appellee that the state would not present the case to a grand jury a third time.

Appellee then filed an amended and second amended petition for expunction. He alleged that the indictment was "presented through mistake, false information or another similar

1. Appellee sought to have his arrest expunged from the records of the Harris County District Attorney's Office, the Harris County Sheriff's Department, the City of Houston, the Texas Department of Public Safety, the Texas Crime Information Computer, the National Crime Information Center, the Federal Bureau of Investigation, the Salt Lake County Attorney's Office, the Salt Lake City Police Office, the Salt Lake County Sheriff's Department, and the Utah Department of Public Safety.

reason" because the prosecutor withheld exculpatory evidence from the grand jury. He contended that the activities indicated "an absence of probable cause." After a hearing on the matter, the trial court granted the petition for expunction in both cause numbers. The trial court filed findings of fact and conclusions of law, including a specific finding that appellee's:

> felony indictment was dismissed because its presentment was the result of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense.

The district attorney appeals the trial court's judgment, but only attacks the expunction of cause number 517,406, for which the indictment was dismissed.

■ The parties agree that the relevant question to be determined on appeal is whether appellee presented sufficient evidence to comply with article 55.01 of the code of criminal procedure, which provides that a person is entitled to an expunction of the records if all three of the following conditions are satisfied:

1. an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, *if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the*

*person committed the offense or because it was void;*

2. he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109 Health and Safety Code; and

3. he has not been convicted of a felony in the five years preceding the date of arrest.

TEX.CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp.1996) (emphasis added);[2] *see also Harris County Dist. Attorney's Office v. Burns,* 825 S.W.2d 198, 200 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *State v. Knight,* 813 S.W.2d 210, 211–12 (Tex. App.—Houston [14th Dist.] 1991, no writ); *Texas Dep't of Pub. Safety v. Wiggins,* 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ). The district attorney concedes that appellee has satisfied the second and third conditions, but he attacks the sufficiency of the evidence to support the italicized portion of the first condition.[3]

Initially, the district attorney contends that there was no evidence presented that the indictment was "dismissed." The district attorney's argument stems from the following portion of our opinion in *Burns*

> The Court of Criminal Appeals has recently held that there is no general authority, written or unwritten, inherent or implied, which would permit a trial court to dismiss a case without the prosecutor's consent. *State v. Johnson,* 821 S.W.2d 609, 613 (Tex.Crim.App.1991). *Thus, the trial court's granting of appellee's Motion to Dismiss, treating it as a "motion to*

2. The district attorney contends that the 1979 version of article 55.01 is the version applicable to this appeal. Since 1979, the legislature has added some instances when a person may be entitled to expunction of records and changed some of the terminology used in the article. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 7.02, 1993 Gen. Law 3586, 3763; Act of June 15, 1989, 73rd Leg., R.S., ch. 803, § 1, 1989 Tex. Gen. Law 3666, 3666. However, none of those changes impact our disposition of this appeal. Therefore, we have quoted the current version of the article.

3. In cases tried to the court, where both findings of fact and a complete statement of facts appears in the record, the findings of fact are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing the evidence supporting a jury's answer. *See, e.g., Southern States Transp., Inc. v. Texas,* 774 S.W.2d 639, 640 (Tex.1989); *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex.1986); *Green v. Reyes,* 836 S.W.2d 203, 211 (Tex.App.—Houston [14th Dist.] 1992, no writ).

*quash,"* did not satisfy the requirement of the expunction statute that appellee's indictment be *"dismissed."* Shortly after the conclusion of the hearings on appellee's motions, however, appellant filed a motion to dismiss, citing the trial court's prior suppression of evidence as the reason for dismissal. This motion was subsequently granted by the court.

*Burns,* 825 S.W.2d at 201 (emphasis added); *but see State v. Frye,* 897 S.W.2d 324 (Tex. Crim.App.1995) (holding that it was permissible for trial court to dismiss indictment based on "prosecutorial misconduct" when a defendant's right to counsel was impaired). Because the trial court eventually granted a motion to dismiss which was requested by the prosecutor, we held that the "dismissed" requirement of article 55.01 was met. *Burns,* 825 S.W.2d at 201. The district attorney argues that *Burns* demonstrates that the granting of a "motion to quash" does not satisfy the "dismissed" requirement of article 55.01. We, however, find article 55.01 is not limited to those situations where the state files a motion to dismiss which is granted by the trial court. Instead, we find that article 55.01 only requires that the indictment and related proceedings be "terminated."

Admittedly, we stated in *Burns* that the granting of a motion to quash did not satisfy the requirements of the expunction statute. But what occurred in the current case is nearly identical to the course of events in *Burns.* In *Burns,* after the trial court quashed the indictment, the prosecutor filed a motion to dismiss. In the current case, after the indictment was quashed, the prosecutor sent a letter to appellee indicating that the state would not attempt to indict him a third time. While the record does not contain an actual motion to dismiss or a dismissal by the trial court, the effect of the quashing of the indictment and the prosecutor's letter are the same as what occurred in *Burns.*

In addition, the terms "dismissed" and "quashed" are frequently used interchangeably by litigants and appellate courts when referring to motions to set aside indictments. *See, e.g., State v. Rosenbaum,* 910 S.W.2d 934 (Tex.Crim.App.1994); *Miller v. State,* 909 S.W.2d 586 (Tex.App.—Austin 1995, no pet.); *State v. Perez,* 906 S.W.2d 558 (Tex.App.—San Antonio 1995, pet. granted); *State v. Fass,* 846 S.W.2d 934 (Tex.App.—Austin 1993, no pet.); *Porter v. State,* 806 S.W.2d 316 (Tex.App.—San Antonio 1991, no pet.).

In this case, the trial court's order quashing the indictment was functionally equivalent to a dismissal of the indictment because no additional action was taken against appellee. The district attorney could have appealed the trial court's order or he could have attempted to re-indict appellee. Instead, he chose to notify appellee that he would not pursue an indictment a third time.

Our interpretation of the term "dismissed" in this article of the code of criminal procedure is consistent with the court of criminal appeals' interpretation of article 44.01. Article 44.01(a)(1) allows the state to appeal an order of the trial court in a criminal case if the order "dismisses an indictment, information, or complaint." TEX.CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp.1994). Despite the clear language of the statute that the state can only appeal when there is an order that "dismisses an indictment," the court of criminal appeal's has held that if an order "quashing" an information essentially terminates the proceedings, the state can appeal. *See State v. Moreno,* 807 S.W.2d 327, 333 (Tex.Crim.App.1991). The court stated:

> Indeed, if we were to allow trial courts the unfettered discretion to protect their erroneous or questionable rulings merely by calling them something other than dismissals, this would vitiate any power of the State to appeal.... Because Article 44.01 must be "liberally construed so as to achieve its purpose," we decline to allow the trial court to shelter its orders through the use of nomenclature.

*Id.* at 333 (citations and grammatical symbols omitted).

While we have no equitable power to extend the clear meaning of the expunction statute, we are to construe article 55.01 liberally because it is a remedial statute. *See Harris County Dist. Attorney's Office v. M.G.G.,* 866 S.W.2d 796, 798 (Tex.App.—Houston [14th Dist.] 1993, no writ); *State v. Arellano,* 801 S.W.2d 128, 130 (Tex.App.—

San Antonio 1990, no writ). Thus, we interpret "dismissed" in article 55.01 to mean those instances which essentially terminate the proceedings. To hold otherwise would allow the district attorney to block possible future expunctions by simply refusing to request or agree to an otherwise valid motion to dismiss.

■ The primary purpose of article 55.01 is to permit the expunction of records of wrongful arrests. *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.1991). As an appellate court, our primary objective is to effectuate the legislature's intent. *See id; Agbor v. St. Luke's Episcopal Hospital*, 912 S.W.2d 354, 357 (Tex.App.—Houston [14th Dist.] 1995, writ granted). In a case such as this, where the effect of the trial court's and the prosecutor's actions indicate that appellee was wrongfully arrested, it would thwart the legislature's intent and the purpose of article 55.01 to not expunge the appellee's record. Because the criminal trial court quashed the indictment, essentially terminating the proceedings against appellee, we find that there is legally and factually sufficient evidence to support the trial court's finding that the indictment was dismissed. The district attorney's first two points of error are overruled.

■ In his third and fourth points of error, the district attorney argues that there was no or insufficient evidence to support the trial court's finding that the indictment was dismissed because of mistake, false information or other similar reason indicating absence of probable cause. Article 55.01 requires that the petitioner affirmatively show that a "mistake, false information, or other similar reason" caused the presentment and that, in turn, caused the dismissal. *Ex parte Kilberg*, 802 S.W.2d 17, 18 (Tex.App.—El Paso 1990, no writ); *State v. Sink*, 685 S.W.2d 403, 405 (Tex.App.—Dallas 1985, no writ) (per curiam).

■ The district attorney's initial attempt to obtain an indictment was apparently frustrated because appellee testified and other exculpatory evidence was presented to the grand jury. The prosecutor, however, presented the complaint to a second grand jury which returned a true-bill. Appellee alleged the true-bill was returned because the second grand jury was not presented with his testimony or the exculpatory evidence. When presented with this information in a motion to quash, the criminal trial court determined that the indictment should be quashed. The trial court's order quashing the indictment was essentially an affirmation of appellee's contentions. In fact, the trial court included in its order a protective order requiring that all future proceedings before a grand jury be recorded. Subsequently, the prosecutor notified appellee that he would not attempt to obtain an indictment a third time. While the course of conduct in this case may not affirmatively demonstrate that the indictment was dismissed because it was presented through "mistake" or "false information," we find there was sufficient evidence demonstrating that the indictment was dismissed because of a "similar reason" which indicated that there was an absence of probable cause.

■ A grand jury is to return a true bill when it determines that there is probable cause to believe that the accused committed the offense. *See Lloyd v. State*, 665 S.W.2d 472, 475 (Tex.Crim.App. [Panel Op.] 1984); *Ex parte Cain*, 592 S.W.2d 359, 362 (Tex. Crim.App.1980) (en banc) (op. on reh'g). The initial grand jury's refusal to indict strongly suggests that probable cause was missing when the contradictory evidence was presented. The trial court quashing the indictment and the prosecutor informing appellee that an indictment would not be requested a third time indicates that probable cause was lacking.

The district attorney argues that "the trial court simply may have concluded that [appellee] was entitled to have the grand jury consider exculpatory evidence without support in the record." Relying on *United States v. Williams*, 504 U.S. 36, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992), the district attorney notes that there is no obligation on him to present exculpatory evidence to a grand jury or to allow a suspect to testify before a grand jury. Thus, the district attorney argues that the trial court's "procedural ruling" does not satisfy the requirement of article 55.01 that the indictment be dismissed

because of mistake, false information or some other reason indicating a lack of probable cause. However, we find that the evidence presented to the trial court adequately demonstrates that the complaint was presented to the grand jury, but was dismissed because when contrary evidence was considered, probable cause was missing.

Based on a review of the record, we hold that the trial court's finding that the indictment was dismissed because "its presentment was the result of mistake, false information, or other similar reason indicating absence of probable cause" was not "so against the great weight and preponderance of the evidence as to be manifestly unjust." Therefore, we overrule the district attorney's third and four points of error.

The judgment of the trial court is affirmed.[4]

---

[4]. Pursuant to the Supreme Court's holding in *Ex parte Elliot*, 815 S.W.2d 251 (Tex.1991), we extend this court's holding to those non-appealing parties named in the trial court's order of expunction.