Ceola D. JOHNSON, Appellant,

v.

BETHESDA LUTHERAN HOMES AND SERVICES, Appellee.

No. 01–95–01553–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 5, 1996.

Thomas Thurlow, Janine B.H. Gorell, Houston, for Appellant.

Charles F. Fitch, Ben A. Baring, Jr., Houston, for Appellee.

Before PRICE,[1] WILSON and HEDGES, JJ.

## OPINION

PRICE, Justice (Assigned).

Appellant, Ceola D. Johnson, believing her employer, appellee Bethesda Lutheran Homes and Services, fired her because she filed a worker's compensation claim, sued appellee for violating the anti-retaliation law. *See City of LaPorte v. Barfield,* 898 S.W.2d 288, 293 (Tex.1995); TEX. LABOR CODE ANN. § 451.001 (Vernon 1988)(formerly, TEX.REV. CIV. STAT. ANN. art. 8307c (Vernon 1973)). During appellant's deposition, appellee discovered appellant had been convicted of securing execution of a check by deception, a third degree felony. The conviction was not disclosed on appellant's employment applica-

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

tion, which asked if she had ever been convicted of a crime. Appellee moved for summary judgment arguing it would not have hired appellant but for her lie regarding her prior criminal history, and accordingly was entitled to summary judgment based on the after-acquired evidence doctrine. Appellant appeals the granting of the motion for summary judgment. We reverse and remand.

To obtain summary judgment, a defendant must either negate at least one element of the plaintiff's theory of recovery, *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936 (Tex.1972), or plead and conclusively prove each element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). After the defendant presents evidence entitling it to summary judgment, the burden shifts to the plaintiff to produce evidence creating a fact issue. *"Moore" Burger*, 492 S.W.2d at 936–37. We consider all evidence favorable to the non-movant as true and indulge reasonable inferences in her favor. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986).

### The Undisputed Facts

The following facts are undisputed:

On May 4, 1989, appellant pled guilty to the third degree felony of securing execution of a check by deception and was placed on probation.

In February 1991, appellant was hired by appellee after signing an employment application that said "the discovery of misrepresentation or omission of facts herein will be cause for immediate dismissal." The application asked: "Have you ever been convicted of any crime?" Appellant answered, "No."

When appellant applied for the job with appellee, she signed a document giving appellee permission to investigate her criminal history; appellee did not verify appellant's criminal history.

On March 20, 1994, appellant was injured within the scope of her employment.

On March 21, 1994, appellant filed a worker's compensation claim.

On May 20, 1994, appellant was fired.

On June 7, 1994, appellant filed suit for violation of the anti-retaliation law.

On November 15, 1994, appellant discovered appellant had a prior felony conviction.

Appellee's employee handbook before appellant was hired provides that "immediate discharge shall result without termination pay for [f]alsifying employment application information."

Appellee's employee handbook amended one year after appellant was hired provides that "immediate discharge may result for [f]alsifying employment application information."

### The Disputed Facts

An affidavit of appellee's personnel director, Carolyn Clauter, was offered as summary judgment proof. Clauter stated that appellee would not have hired appellant had appellant disclosed her felony conviction in the employment application or had appellee known of the conviction, and appellee would have immediately terminated appellant had it learned appellant falsified information about her criminal past in the employment application. In response, appellant argues Clauter's statements are conclusory and self-serving, and lacked credibility because nothing indicated how she knew appellant would be fired upon discovery of the prior conviction. Moreover, appellant stated in an affidavit filed as part of her response that she believed her sentence was not a prior conviction, because it was probated.

To establish facts on summary judgment by an interested witness, the testimony must be clear, positive, direct, credible, free from contradiction, and not be easily controverted. Tex.R. Civ. P. 166a(c); *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex.1989); *Font v. Carr*, 867 S.W.2d 873, 879 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Bankers Commercial Life Ins. Co. v. Scott*, 631 S.W.2d 228, 231 (Tex.App.—Tyler 1982, writ ref'd n.r.e.). Clauter is an interested witness because she works for appellee. Her statement that appellee would not have hired appellant had it have known she had a criminal conviction, and would have fired appellant had it discovered the criminal conviction, cannot be easily controverted. Moreover, Clauter's state-

ments are contradicted by the fact that appellee had appellant sign a document giving permission to investigate her criminal history, but chose not to verify appellant's criminal history. Also, appellant's affidavit creates a question as to whether in fact she knew her criminal conviction was in fact a conviction.

■ We hold there are questions of fact as to (1) whether appellee would have hired appellant had she disclosed her prior criminal conviction in her employment application; (2) whether appellee would have fired appellant had it discovered appellant's prior conviction after she was hired; and (3) whether appellant knew her prior criminal conviction was in fact a criminal conviction.

### The After–Acquired Evidence Doctrine

■ These these fact questions are relevant if the after-acquired evidence doctrine applies to anti-retaliation law claims. The doctrine evolved in federal court as a defense to suits brought under Title VII of the Civil Rights Act[2] and the Age Discrimination in Employment Act (ADEA), which bar discrimination in employment. *See Milligan–Jensen v. Michigan Technological Univ.,* 975 F.2d 302, 304–05 (6th Cir.1992); *Johnson v. Honeywell Info. Sys., Inc.,* 955 F.2d 409, 415 (6th Cir.1992); *Summers v. State Farm Mutual Auto. Ins. Co.,* 864 F.2d 700, 708 (10th Cir.1988); Kenneth G. Parker, Note, *After–Acquired Evidence in Employment Discrimination Cases: A State of Disarray,* 72 Texas L.Rev. 403, 417–424 (1994). The doctrine bars an employee suit for discriminatory discharge where the employee falsified her employment application even if the falsification was not discovered by the employer until after discharge. *Id.* Before *McKennon v. Nashville Banner Pub. Co.,* 513 U.S. 352, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995), the federal circuits were split on the issue of the extent of the doctrine's application to Title VII and ADEA claims. Some circuits held that if the employee would not have been hired, or would have been fired, if the employer had known of the resume fraud, the employee suffers no legal damage by being fired and is

barred from all recovery. *Johnson,* 955 F.2d at 415; *Summers,* 864 F.2d at 708. Other circuits held that the doctrine has no bearing on backpay damages and accordingly, the employee is barred from recovery of backpay from the point at which the employer proves it would have discovered the resume fraud and fired the employee. *Wallace v. Dunn Const. Co.,* 968 F.2d 1174, 1182 (11th Cir. 1992). This application of the doctrine bars recovery of prospective remedies, such as reinstatement and front pay. *Id.* at 1183. Some courts have ended backpay at the time the employer learns of the resume fraud during the litigation. *Smith v. General Scanning, Inc.,* 876 F.2d 1315, 1319 n. 2 (7th Cir.1989). One federal trial court reduced a backpay award by 50% because of the resume fraud. *Milligan–Jensen v. Michigan Technological Univ.,* 767 F.Supp. 1403, 1417 (W.D.Mich.1991). That judgment was reversed on appeal for the *Summers'* approach. *Milligan–Jensen v. Michigan Technological Univ.,* 975 F.2d 302, 304 (6th Cir. 1992).

The United State Supreme Court resolved the differing approaches of the federal circuits in *McKennon. McKennon* requires an employer to establish that the wrongdoing of the employee in securing the job was of such severity that the employee would have been terminated on those grounds alone if the employer had known of the wrongdoing at the time of discharge. 513 U.S. at —— ——, 115 S.Ct. at 886–87. The *McKennon* factors go to damages, not outright barring of the claim. *Id.*

> It would be both inequitable and pointless to order the reinstatement of someone the employer would have terminated, and will terminate, in any event and upon lawful grounds.
>
> . . . .
>
> The beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlaw-

2. Civil Rights Act of 1964, Pub.L. No. 88–352 § 703–04, 78 255–58 (1964) (codified as amended at scattered sections of 42 U.S.C. (1988 & Supp. III 1991)).

ful discharge to the date the new information was discovered.

*McKennon*, at ——, 115 S.Ct. at 886.

### After–Acquired Evidence and the Anti–Retaliation Law

There are three possibilities as to the after-acquired evidence doctrine's application to anti-retaliation law claims: (1) it never applies; (2) it applies as an absolute bar to suit; or (3) it applies as a limitation on damages. If the doctrine never applies to anti-retaliation law claims, the resolution of the questions of fact presented here are irrelevant. If the doctrine applies as an absolute bar to suit, and the trier of fact concludes that appellant knew her probation was a final criminal conviction, and appellee would not have hired appellant had it known of the prior criminal conviction or would have fired appellee had it discovered the prior conviction, appellee is entitled to judgment. If the doctrine applies only as a limitation on damages, and the trier of fact concludes that appellant knew her probation was a final conviction and appellee would not have hired appellant had it known of the prior criminal conviction or would have fired appellant had it discovered the prior conviction, appellant's damages must be limited.

Two Texas cases have dealt with the question of the application of the after-acquired evidence doctrine to anti-retaliation law claims: *Jordan v. Johnson Controls, Inc.,* 881 S.W.2d 363, 369 (Tex.App.—Dallas 1994, writ denied) (pre-*McKennon* ) and *Mitchell v. John Wiesner, Inc.,* 923 S.W.2d 262 (Tex. App.—Beaumont 1996, no writ) (post-*McKennon* ).

*Jordan* held that "the after-acquired evidence doctrine bars an employee's [anti-retaliation law] claim where the employer either would not have hired the employee or would have fired the employee had the employer discovered the dishonesty or the criminal record." *Jordan,* 881 S.W.2d at 369. There were two dissenting opinions in *Jordan,* one from Chief Justice McGarry, who sat on the panel, and another from Justice Chapman, who did not sit on the panel. *See O'Connor v. First Court of Appeals,* 837 S.W.2d 94 (Tex.1992). Chief Justice McGar-

ry wrote that if "the falsified application is not the sole reason for discharge, or if it is discovered after discharge, it should still be admissible to reduce damages for lost future wages on the theory that the employee would have eventually been discharged for a proper reason." *Jordan,* 881 S.W.2d at 373 (McGarry, C.J., dissenting). Justice Chapman wrote that the affirmative defense of after-acquired evidence should not be adopted in the anti-retaliation law claim context, but that if it were, it should be limited "so that the bar to recovery applies only to those who fail to disclose (1) felonies less than ten years old, or (2) multiple felony convictions." *Id.* at 374 (Chapman, J., dissenting).

*Mitchell,* relying in part on Justice Chapman's dissenting opinion in *Jordan,* held that the after-acquired evidence defense does not apply to anti-retaliation law claims. 923 S.W.2d at 264. Chief Justice Walker filed a dissenting and concurring opinion in *Mitchell,* and reasoned that the after-acquired evidence rule should apply to anti-retaliation law claims but only on a case-by-case basis taking into consideration the factors discussed in *McKennon. Mitchell,* 923 S.W.2d at 265 (Walker, C.J., dissenting and concurring).

■ We agree with the concurring opinion *Mitchell* insofar as it holds that the after-acquired evidence doctrine only applies to damages in anti-retaliation law claims, and hold that the after-acquired evidence doctrine bars reinstatement and recovery of actual damages after the point in time that the employer discovered the falsified employment application which led to the employment.

Accordingly, we sustain appellant's point of error and remand this case to the trial court for a proceedings consistent with this opinion.

HEDGES, J., concurs.

HEDGES, Justice, concurring.

I concur with the majority's holding, that the doctrine of after-acquired evidence applies to limit damages. I agree that appellant raised a fact issue concerning whether

she knew that her criminal conviction was in fact a criminal conviction. I disagree, however, with the majority's conclusion that there are fact questions regarding (1) whether appellee would have hired appellant had she disclosed her prior criminal conviction in her employment application; and (2) whether appellee would have fired appellant had it discovered her prior conviction after she was hired.[1]

In her affidavit, Clauter swore that appellant would not have been hired had she disclosed her felony conviction in her employment application or had appellee known of the conviction, and that appellee would have immediately terminated appellant had it learned that she had falsified information about her criminal conviction in her employment application. Appellant argues that this affidavit is improper summary judgment evidence because Clauter's statements (1) are conclusory and self-serving and (2) lack credibility because nothing in the affidavit indicates how she knew that appellant would be fired upon discovery of the prior conviction.

**Conclusory**

An oft-repeated objection to summary judgment evidence, as well as to evidence in other contexts, is that it is conclusory. There is much confusion about what this objection means. It does not mean that logical conclusions based on stated underlying facts are improper. That type of conclusion is proper in both lay and expert testimony. What is objectionable is testimony that is nothing more than legal conclusion. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). To allow such testimony is to invade the province of the fact finder, which is the sole arbiter of what used to be known as "ultimate issues," or issues that by their legal consequences control the disposition of the case. Such legal conclusions involve, for example, statements that proper notice was given, *Beta Supply v. G.E.A. Power Cooling Sys.*, 748 S.W.2d 541, 542 (Tex.App.–Houston [1st Dist.] 1988, writ denied), and statements that an indebtedness was renewed and extended, *Mercer v. Daoran Corp.*, 676 S.W.2d

580, 583 (Tex.1984). They are inadmissible because they do not inform the jury about the underlying facts. Rather, such opinions "amount to little more than the witness choosing sides on the case outcome." *Mowbray v. State*, 788 S.W.2d 658, 668 (Tex.App.–Corpus Christi 1990, pet. ref'd).

Ms. Clauter's statements are not legal conclusions; they are merely statements of her company's employment policy gleaned from her position as appellee's head of personnel. I believe that this evidence is not the sort of conclusion condemned by the courts, but is rather a statement of fact evidencing appellee's corporate intention in personnel practices. I would hold that because it is entirely fact based, it is entirely proper.

**Self-Serving**

I am frequently at a loss to understand what this objection means in the context of a summary judgment affidavit. This objection goes to the weight of the evidence as evaluated by the fact finder. Because we review summary judgment evidence on a legal sufficiency standard, whether the movant has established its contention as a matter of law, the weight of the evidence is an inappropriate consideration unless it descends to that infamous nether region, a "mere scintilla." Clearly, in this case, an objection that the testimony is "self-serving" is not meaningful.

If this objection is a criticism of the affiant's status as an interested witness, then it can be coherently addressed. The affidavit of an interested witness can support a summary judgment "if the evidence is clear, positive and direct, otherwise credible and free from contradiction and inconsistencies, and could have been readily controverted." TEX. R. CIV. P. 166a(c).

I would hold that Ms. Clauter's affidavit meets all these criteria. The majority states that her testimony cannot be easily controverted. To the contrary, testimony of this sort is easily controverted by historical and statistical data establishing that an employer's conduct belies its representations.

1. I agree that here is a fact issue concerning whether appellant knew that her prior criminal conviction was in fact a criminal conviction, which relates to whether she deliberately falsified the information in her employment application.

The majority states that Ms. Clauter's testimony is contradicted by the fact that although appellee had appellant sign a document giving permission to verify her criminal history, no verification was ever conducted. I believe that this conclusion is unwarranted. The connection between appellant's deceit in her employment application and appellee's failure to actively investigate her record notwithstanding her representations is far too tenuous to infer a contradiction to Ms. Clauter's statement.

**No Personal Knowledge**

Finally, appellant argues that the affidavit is not credible because there are no predicate facts establishing how Ms. Clauter knew whereof she spoke. This contention is really a challenge to the affiant's basis of her testimony. To be legally valid, an affidavit must demonstrate on its face that the affiant possesses personal knowledge of the facts stated therein. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470–71 (Tex.1994).

Ms. Clauter states that her affidavit is made on personal knowledge, and she supports that assertion with fact. She acquired personal knowledge concerning the personnel policy by virtue of her service as appellee's personnel director since December, 1988. To hold that her affidavit does not establish her personal knowledge on its face would effectively mean that no employee could ever execute an affidavit on behalf of its company. I can conceive of no clearer expression of personal knowledge than in Ms. Clauter's affidavit.

**Conclusion**

To hold that Ms. Clauter's affidavit raises fact issues about whether appellee would have hired or subsequently terminated appellant had it known of her criminal conviction means that no defendant can ever obtain a summary judgment in this type of case. How else can an employer express its employment policy if we refuse to credit its uncontradicted statement by a representative with personal knowledge? I would hold that there are no fact issues raised by Ms. Clauter's affidavit.