

# NUMBER 13-12-00648-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARC R. CORE,** **Appellant,**

**v.**

**CITIBANK, N.A.,** **Appellee.**

---

### On appeal from the 211th District Court
### of Denton County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

This is an account-stated claim in which appellee Citibank, N.A. sued appellant

Marc R. Core asserting that Core owed an outstanding credit card balance.[1]   Citibank

---

[1] This case is before the Court on transfer from the Second Court of Appeals in Fort Worth pursuant to an order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

filed a traditional motion for summary judgment on this claim, supporting its motion with, among other things, the affidavit of Jarred O'Brien and monthly billing statements. Core responded and objected to portions of Citibank's summary judgment evidence. The trial court overruled Core's objections and granted summary judgment in favor of Citibank. Core raises one issue on appeal: whether the trial court erred in granting Citibank's motion for summary judgment. We affirm.

## I.  BACKGROUND

It is undisputed that Citibank issued a credit card in Core's name. Core used the card to incur charges, and he made payments on the account. Citibank contends that after June 2011 Core stopped paying his bill.

On November 16, 2011, Citibank sued Core to collect a balance of $10,151.22, which it claimed was due on the account. Citibank asserted claims for breach of contract, account stated, and common-law debt. Core answered with a general denial.

On April 16, 2012, Citibank moved for summary judgment on its account-stated cause of action. In support of its motion, Citibank attached the affidavit of Jarred O'Brien, its custodian of records, and the November 8, 2007 through November 11, 2010 statements from Core's account. Core responded, objecting to several statements in O'Brien's affidavit on the basis of hearsay, lack of personal knowledge, the best evidence rule, and conclusory statements.[2] In addition, he argued that the evidence properly before the trial court was not sufficient to establish that Citibank was entitled to judgment

---

[2] Core also objected on the basis that the monthly statements attached to O'Brien's affidavit were not relevant and lacked probative value. The trial court overruled these objections, and Core does not challenge those rulings on appeal.

as a matter of law.   The trial court overruled Core's objections to Citibank's summary-judgment evidence and rendered judgment in Citibank's favor.   This appeal followed.

## II.   DISCUSSION

By a single issue, Core complains that the trial court erred in granting Citibank's motion for summary judgment.   Specifically, he argues that the trial court erred by:   (1) overruling Core's objections to O'Brien's affidavit; and (2) deciding that Citibank established its account-stated claim as a matter of law.

## A.   Challenges to Citibank's Summary Judgment Evidence

We group Core's objections to O'Brien's affidavit under two broad headings:   (1) unreliability, which include hearsay, best-evidence, and failure-to-attach objections; and (2) conclusory statements.   Core contends that the trial court abused its discretion when it overruled his objections.

O'Brien's affidavit provides the following:

1.   My name is Jarred O'Brien. I am of sound mind, lawful age and capable of making this Affidavit.  The statements set forth in this affidavit are true and correct based on my personal knowledge and review of the business records described herein.   I am authorized to make this affidavit on behalf of plaintiff Citibank, N.A. (referred to herein as "Citibank").   Citibank is a National Bank located in Sioux Falls, South Dakota.

2.   I am employed by Citibank or an affiliate.   My job title is Document Control Officer.   My employment duties include being a custodian of records with respect to accounts owned by Citibank.   As a custodian of records, I have knowledge of, and access to, account information and records concerning the defendant's Citibank account number currently ending in 3816, which is the subject of this lawsuit (the "Account").   As a result, I am competent to testify to the matters stated herein.

3

3.  Citibank's records regarding the Account contain the name and billing address of the defendant, the Account number (and predecessor account numbers, if any), the Account's history, which may include charges made, interest and/or fees assessed, payments and/or credits received, and the minimum payment due and the total outstanding balance due on the Account, all of which are collectively referred to as the "Account Information".   Exhibit A attached hereto and incorporated herein are copies of the Account statement transaction detail for the period from 11/8/2007 to 11/11/2010 that was sent to the defendant (the "Account Statement").

4.  The Account Information reflects that charges were made on the Account to purchase goods and services and/or obtain cash advances.  Defendant was provided periodic billing statements for the Account when there was Account activity, which described the charges on the Account, along with interest, fees, payments, credits and the amount due on the Account.

5.  Exhibit(s) A is business records reflecting information created and maintained by Citibank or its affiliates, in the course of regularly conducted business activity, and are part of the regular practice of Citibank to create and maintain such information, and also were made at the time of the act, transaction, occurrence or event or within a reasonable time thereafter.

6.  As reflected in the Account Information, defendant did eventually fail to make required payments on the Account.

7.  As a result of defendant's failure to make proper payments on the Account, defendant is presently in default on the Account.

8.  The Account Information shows that the Account Statement reciting the amount of the debt was sent to the defendant either by regular mail or by electronic mail.  The attached Account Statement does not reflect any outstanding disputes on the Account.

9.  As reflected on the attached Account Statement, the balance on the Account is $10,151.22.   After the attached Account Statement was sent to the defendant, an additional payment or credit/debit was received on the Account in the amount of $0.00.  As of the date of this affidavit, the Account balance of $10,151.22 is due and owing.

4

10. Citibank's records reflect that defendant opened and/or used the Account and, therefore, to the best of my knowledge, defendant is neither an incompetent, nor an infant.

11. The debt reflected herein is delinquent, past due and remains due and owing. Citibank is the owner of the Account and the party and entity to whom the delinquent debt is owed.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true.[3]

## 1. Applicable Law and Standard of Review

Evidence offered in support of a motion for summary judgment must be admissible under the rules of evidence. TEX. R. CIV. P. 166a(f); *United Blood Serv. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997) (per curiam). We review a trial court's ruling on the admissibility of summary judgment evidence for an abuse of discretion. *Paciwest, Inc. v. Warner Allan Props., LLC*, 266 S.W.3d 559, 567 (Tex. App.—Fort Worth 2008, pet. denied).

## 2. Objections to the Reliability of O'Brien's Affidavit

### a. Hearsay Objection—Lack of Personal Knowledge

Core complains that O'Brien's "affidavit is hearsay because he does not positively state that even one single statement is based on his personal knowledge." *See* TEX. R.

---

[3] The Eastland and the San Antonio Courts of Appeals recently reviewed affidavits similar to the one challenged in this appeal. *See* [*Rose*] *Core v. Citibank (S.D.), N.A.*, No. 11-13-00040-CV, 2015 WL 1004344, at *1–*5 (Tex. App.—Eastland Feb. 27, 2015, no pet. h.) (mem. op.); *Rodriguez v. Citibank, N.A.*, No. 04-12-00777-CV, 2013 WL 4682194, at *1–*3 (Tex. App.—San Antonio Aug. 30, 2013, no pet.) (mem. op.). In *Rose Core* and *Rodriguez*, the courts analyzed affidavits executed by a document control officer for Citibank to determine whether the affidavits were based on personal knowledge or hearsay and whether they contained improper legal and factual conclusions. *See Rose Core*, 2015 WL 1004344, at *1–*5; *Rodriguez*, 2013 WL 4682194, at *1–3. Core brings the same appellate issues.

To avoid confusion we will refer to the Eastland appeal as *Rose Core*, noting that, like this appeal, it was transferred from the Second Court of Appeals in Fort Worth. *See Rose Core*, 2015 WL 1004344, at *1–*5. *Rose Core*, however, was transferred to the Eastland Court of Appeals. *See id.*

5

CIV. P. 166a(f) (providing that summary judgment affidavits "shall be made on personal knowledge"). Core asserts that, instead, O'Brien "states that '[t]he facts set forth in this affidavit are true and correct based on personal knowledge and review of the business records described herein.'"

Referencing the *Rodriguez* Court, the *Rose Core* Court noted that "blanket recitations of personal knowledge would not satisfy the requirement of personal knowledge for affiants." *Rose Core*, 2015 WL 1004344, at *3 (citing *Rodriguez*, 2013 WL 4682194, at *2 (citing *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 661 (Tex. 1995); *Valenzuela v. State & Cnty. Mut. Fire Ins. Co.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.))). Instead, the affiant must explain the basis for his personal knowledge in order to establish the basis for his attested personal knowledge in the affidavit. *See Valenzuela*, 317 S.W.3d at 553; *see also Rose Core*, 2015 WL 1004344, at *3; *Rodriguez,* 2013 WL 4682194*, at *2.* In *Rodriguez*, the San Antonio Court determined that an affiant may establish personal knowledge when he outlines his job responsibilities "so that one can reasonably assume he would be particularly situated to have personal knowledge of the facts within his affidavit." 2013 WL 4682194, at *2 (citing TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 6.03[5][a] (3d ed. 2012)). The Eastland Court agreed with this holding, as do we. *See Rose Core*, 2015 WL 1004344, at *3.

With respect to O'Brien's affidavit in this appeal, he specifically outlined his duties as document control officer. His duties included "being a custodian of records with respect to accounts owned by Citibank." O'Brien set out in his affidavit that, as the

custodian of records, he had "knowledge of, and access to, account information and records concerning [Core's] Citibank account." We conclude, as did the courts in *Rose Core* and *Rodriguez*, that this statement in the affidavit is sufficient to establish that O'Brien had personal knowledge of Core's relationship with Citibank and the events relating thereto as acquired through his position as document control officer. The trial court did not abuse its discretion by overruling Core's hearsay objection based on lack of personal knowledge. *See Paciwest*, 266 S.W.3d at 567; *see also Rose Core*, 2015 WL 1004344, at *3; *Rodriguez,* 2013 WL 4682194*, at *2.*

### b. Hearsay Objection—No Explanation of How O'Brien's Personal Knowledge Was Obtained

O'Brien averred that the statements in his affidavit were based on his personal knowledge *and* his review of the business records described within the affidavit. Core contends that by this language, O'Brien is equivocating and "leaves open the possibility that, since he is a custodian of records for a large financial institution, every single fact recited in his affidavit might be based on his review of documents created by others" and not his personal knowledge. Core appears to be arguing that the business records exception to the hearsay rule does not remove the requirement for personal knowledge or trustworthiness. That is true. Yet the personal knowledge of a corporate employee may be obtained from a review of business records. *See In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 224 (Tex. 2004) (per curiam) ("[A]n affiant's acknowledgement of the sources from which he gathered his knowledge does not violate the personal knowledge requirement."); *see also Asshauer v. Glimcher Realty Trust*, 228 S.W.3d 922, 926 (Tex. App.—Dallas 2007, no pet.) (finding no abuse of discretion when the trial court

7

admitted an affidavit that set out that the affiant's personal knowledge was from her review of her "clients' business records" and other documents executed as part of the transaction at issue in this case). In other words, as expressed by the *Rodriguez* Court, "the personal knowledge of a corporate employee/records custodian may be obtained through his position or job, as long as the affiant acknowledges the source of his knowledge." *Rodriguez*, 2013 WL 4682194, at *2; *see In re E.I. DuPont de Nemours*, 136 S.W.3d at 224.

O'Brien states in his affidavit that he is authorized to make the affidavit on behalf of Citibank and is employed by Citibank or an affiliate. He is a "Document Control Officer," and his duties include acting as a custodian of records with respect to accounts owned by Citibank. O'Brien further states that as a custodian he has "knowledge of, and access to, account information and records" concerning Core's account, which is the subject of the lawsuit. In his affidavit, O'Brien also sets out the source of his knowledge, specifically averring that the account records attached to his affidavit contain Core's name, address, account number, and account history, including charges made, interest, fees assessed, payments or credits received, the minimum payment due, and the total outstanding balance due on the account. And Core did not object to the portion of O'Brien's affidavit that proved up the monthly statements as business records or to the monthly statements as hearsay. *See* TEX. R. EVID. 803(6), 902(10)(b).

In sum, O'Brien's affidavit is based on personal knowledge with respect to his status as a custodian of business records. He outlines the source of his knowledge and the information contained in those records. And the attached account records are not

hearsay under the business records hearsay exception. *See* TEX. R. EVID. 803(6). So the trial court did not abuse its discretion when it overruled Core's hearsay objection that there was no explanation of how O'Brien's personal knowledge was obtained. *See Paciwest*, 266 S.W.3d at 567; *see also Rose Core*, 2015 WL 1004344, at *3; *Rodriguez,* 2013 WL 4682194*,* at *2.

### c. Best-Evidence-Rule Objection—Failure to Attach Supporting or Referenced Documents

Core also contends that O'Brien's affidavit is inadmissible because it does not satisfy the best evidence rule, which requires that the contents of a record be proved by a copy of the record itself. *See* TEX. R. EVID. 1002 ("To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required except as otherwise provided in these rules or by law."), *id.* at R. 1003 (providing that a duplicate of the original is admissible); *see also* TEX. R. CIV. P. 166a(f) ("[S]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."). Core claims that the following factual assertions contained in O'Brien's affidavit are not supported by a copy of the record:

3. Exhibit A . . . are copies of the Account statement transaction detail . . . that was sent to the defendant;

4. Defendant was provided periodic billing statements for the Account when there was Account activity;

8. The Account Information shows that the Account Statement reciting the amount of the debt was sent to the defendant either by regular mail or by electronic mail; and

9. After the attached Account Statement was sent to the defendant [an additional payment or credit/debit was received on the Account in the amount of $0.00.]

9

Specifically, Core claims that none of the documents attached to O'Brien's affidavit indicate that any statement was sent to Core after July 2010, which is the date of the last statement to be followed by a payment. We disagree.

O'Brien's affidavit primarily served to authenticate duplicate account statements under the business records exception. A review of the account documents presented by Citibank reveals that each billing or account statement from November 8, 2007 through November 11, 2010, including each account statement after July 2010, was addressed to Core at the same post office box in Carrollton, Texas. And the account statements show that Core made numerous payments on his account from those statements, including the July 2010 statement, although he made none after that. These records document the complained-of facts. We conclude that the trial court did not abuse its discretion when it overruled Core's objection on this basis. *See Paciwest*, 266 S.W.3d at 567; *see also Rose Core*, 2015 WL 1004344, at *4.

### 3. Conclusory-Statement Objection

Finally, Core argues that the following statements, except for the portions in italics, are inadmissible because they are factually or legally conclusory:

6. . . . *defendant did eventually fail to make* required *payments on the Account*;

7. . . . defendant is presently in default on the Account;

9. . . . the balance on the Account is $10,141.22. . . . As of the date of this affidavit, the Account balance of $10,141.22 is due and owing; and,

10

11. The debt reflected herein is delinquent, past due and remains due and owing. *Citibank is the owner of the Account* and the party and entity to whom the delinquent debt is owed.

Conclusory statements in affidavits are not proper summary judgment evidence if there are no facts to support the conclusions. *El Dorado Motors, Inc. v. Koch*, 168 S.W.3d 360, 366 (Tex. App.—Dallas 2005, no pet.); *Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (op. on reh'g). There are two types of conclusory statements: (1) legal conclusions; and (2) factual conclusions. *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no writ). An objection that a statement is "conclusory" does not mean that logical conclusions based on stated underlying facts are improper. *See Johnson v. Bethesda Lutheran Homes & Servs.*, 935 S.W.2d 235, 239 (Tex. App.—Houston [1st Dist.] 1996, no writ.) (Hedges, J., concurring); *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991) (op. on reh'g) (per curiam); *Rizkallah*, 952 S.W.2d at 587; *see also Rose Core*, 2015 WL 1004344, at *5 (citing *Rodriguez*, 2013 WL 4682194, at *3). What is objectionable is testimony that is nothing more than a legal conclusion. *Rizkallah*, 952 S.W.2d at 587. To allow such testimony is to reduce to a legal issue a matter that should be resolved by relying on facts. *Id.* Statements of legal conclusions amount to little more than the witness choosing sides on the outcome of the case. *Mowbray v. State*, 788 S.W.2d 658, 668 (Tex. App.—Corpus Christi 1990, pet. ref'd).

Similarly, factually conclusive statements in affidavits are not proper if there are no facts to support the conclusions. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam) (explaining that an interested witness affidavit that says affiant

11

"estimates" or "believes" certain facts will not support summary judgment). Conclusory statements of fact without factual support are not credible and are not susceptible to being readily controverted. *Id.*; *see* TEX. R. CIV. P. 166a(c).

Based on our review of O'Brien's affidavit and its supporting documentation, we conclude that the challenged statements are not conclusory. Rather, the statements are logical conclusions based on facts stated within O'Brien's affidavit regarding Core's account, as well as information contained within the account documents attached to O'Brien's affidavit. The statements are based on O'Brien's personal knowledge derived from his work as a document control officer, whose duties include being a custodian of records of Citibank. O'Brien states in his affidavit that the account documents contain Core's name and billing address; his account number; and the history of the account, which may include charges made, any interest and fees assessed, any payments made and credits received, minimum payments due, and the total outstanding balance due. The documents, when considered together, provide a factual basis for each statement challenged by Core. Therefore, the trial court did not abuse its discretion when it overruled Core's objection that certain statements in O'Brien's affidavit were conclusory. *See Paciwest*, 266 S.W.3d at 567; *see also Rose Core*, 2015 WL 1004344, at *3; *Rodriguez,* 2013 WL 4682194*,* at *2.*

**B.  Challenge to the Trial Court's Granting of Citibank's Summary Judgment Motion on Its Account-Stated Claim**

**1.  Standard of Review and Applicable Law**

We review the trial court's granting of a traditional motion for summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003);

*Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.—Corpus Christi 2003, no pet.). Such a motion must show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). As the movant seeking summary judgment on its cause of action, Citibank has the initial burden of establishing its entitlement to judgment as a matter of law by conclusively establishing each element of the cause of action. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). If Citibank satisfies this burden, Core must then present summary judgment evidence sufficient to raise a fact issue. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

The elements of an account-stated claim are: (1) transactions between the parties, which give rise to an indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixing the amount due; and (3) a promise, express or implied, by the one to be charged, to pay such indebtedness. *See Walker v. Citibank, N.A.*, No. 11-13-00042-CV, 2015 WL 1004395, at *3 (Tex. App.—Eastland Feb. 27, 2015, no pet. h.) (concluding that "an account[-]stated cause of action is appropriate for a suit to collect credit card debt" and setting out the elements of an account-stated claim); *DuLong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.) (same); *see also Morrison v. Citibank (S.D.) N.A.*, No. 02-07-00130-CV, 2008 WL 553284, at *1 (Tex. App.—Fort Worth Feb. 28, 2008, no pet.) (mem. op.) (per curiam) (setting out the account-stated elements in a suit "to recover the outstanding balances on Morrison's ten Citibank credit card accounts").

13

On appeal, Core challenges only the second element of Citibank's account-stated claim. The question then is whether Citibank presented the trial court with sufficient admissible evidence to establish as a matter of law the existence of an agreement, expressed or implied, between Citibank and Core fixing the amount due on the account. *See Walker*, 2015 WL 1004395, at *3; *DuLong,* 261 S.W.3d at 893; *see also Morrison*, 2008 WL 553284, at *1.

### 2. Analysis

Core argues that Citibank offered no evidence of an agreement fixing the amount due. More specifically, he asserts that Citibank provided no admissible evidence that it sent Core the monthly statement in which it claimed a balance due of $10,151.22. Core also asserts that there is no evidence that he received the last monthly statement in which Citibank claimed a balance due of $10,151.22.

Core argues that *Morrison* is controlling because the Fort Worth Court of Appeals determined that the evidence, which included the fact that Morrison did not dispute the final statements and the trial court's finding that Citibank did not know whether Morrison received the statements, was factually insufficient to establish an agreement between the parties.[4] *See* 2008 WL 553284, at *3. We disagree. Instead, we agree with the following analysis by the Eastland Court of Appeals in *Rose Core*:

---

[4] The fact that *Morrison v. Citibank (South Dakota), N.A.*, is a memorandum opinion from the Second Court of Appeals is significant because this case was transferred to us from the Second Court of Appeals in Fort Worth pursuant to an order of the Texas Supreme Court under the authority of section 73.001 of the Texas Government Code. *See* No. 2-07-00130-CV, 2008 WL 553284, at *1–3 (Tex. App.—Fort Worth Feb. 28, 2008, no pet.) (mem. op.) (per curiam); *see also* TEX. GOV'T CODE ANN. § 73.001. In accordance with rule 41.3 of the Texas Rules of Appellate Procedure, we are required to follow the precedent of the Fort Worth Court of Appeals "unless it appears that the transferor court itself would not be bound by that precedent." TEX. R. APP. P. 41.3.

14

*Morrison* involved a suit to collect on ten different credit card accounts. *Morrison*, 2008 WL 553284, at *1. The trial court held a bench trial and ruled in favor of Citibank. The Fort Worth Court of Appeals found the evidence legally sufficient to establish the three elements of account stated. *Id.* at *2. However, the custodian of records for the creditor testified that he "could not be sure that the statements were actually mailed or received." *Id.* The court of appeals determined, under a factual sufficiency review of the evidence, that the evidence of an agreement between the parties fixing an amount due was "so weak that the trial court's conclusion that Morrison agreed to the amount due is clearly wrong and manifestly unjust." *Id.* at *3. The court based its determination on the fact that it was unknown whether or not Morrison received unpaid statements and on her failure to dispute any of the statements. *Id.* In reliance upon *Morrison*, Core argues that Citibank did not conclusively establish its claim for account stated because there was no evidence that the last monthly statement was ever sent to, received by, or agreed to by Core.

We conclude that *Morrison* is distinguishable and that the Fort Worth Court of Appeals would not be bound to follow it as precedent. . . . [T]his is an appeal from a summary judgment while *Morrison* was an appeal from a bench trial. From a factual perspective, this appeal only involves a single credit card account. The account statements offered as summary judgment evidence show that each of them was sent to Core at the same address over the entire five-year period. As detailed above, the account statements reflect a pattern of activity wherein Core paid the minimum monthly payments specified by the monthly statements on many occasions, indicating that she actually received the monthly statements. Additionally, Core's final eighteen payments were all made in the same amount of $344, further indicating her receipt of the statements and her agreement as to the amount owed.

Moreover, we note that the Dallas Court of Appeals has expressly disagreed with the holding in *Morrison* based upon similar facts regarding credit card statements mailed to a debtor. *Compton v. Citibank (S.D.), N.A.*, 364 S.W.3d 415, 419–20 (Tex. App.—Dallas 2012, no pet.) (citing *DuLong*, 261 S.W.3d at 894). Other courts have followed the position adopted by the Dallas Court of Appeals. *See Rodriguez*, 2013 WL 4682194 (San Antonio); *Singh v. Citibank (S.D.), N.A.*, No. 03-10-00408-CV, 2011 WL 1103788 (Tex. App.—Austin Mar. 24, 2011, no pet.) (mem. op.); *Busch v. Hudson & Keyse, LLC*, 312 S.W.3d 294, 299 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402 (Tex. App.—El Paso 2009, no pet.); *McFarland[ v. Citibank (S.D.), N.A.]*, 293 S.W.3d [759,] 763 ([Tex. App.—]Waco [2008, no pet.]).

15

> Citibank established all of the elements of a claim for account stated as a matter of law. The burden then shifted to Core to come forward with summary judgment evidence sufficient to raise a fact issue to preclude summary judgment. *Clear Creek,* 589 S.W.2d at 678. Core did not provide any summary judgment evidence to raise a fact issue. Accordingly, summary judgment on Citibank's claim for account stated was also proper.

*Rose Core*, 2015 WL 1004344, at *8–9.

As did the Eastland Court, we conclude that *Morrison* is distinguishable and that the Fort Worth Court of Appeals would not be bound to follow it as precedent. *See* Tex. R. App. P. 41.3. This is an appeal from a summary judgment while Morrison was an appeal from a bench trial. Factually, this appeal only involves a single credit card account. We have concluded that O'Brien's affidavit setting out that the monthly statements were sent to Core was admissible and before the trial court. The account statements that Citibank offered as summary judgment evidence also showed that each statement was sent to Core at the same address over the entire three-year period. The account statements reflect a pattern of activity where Core paid the minimum monthly payments specified by the monthly statements on many occasions, including Core's last payment of $138.00 on June 22, 2010, indicating that he actually received the monthly statements. Based on this evidence, we conclude that Core's payments also indicate his agreement with Citibank as to the amount owed—i.e., fixing the amount due.

Based on this evidence, we conclude that Citibank established the challenged element of its claim for account stated as a matter of law. *See Walker*, 2015 WL 1004395, at *3. The burden then shifted to Core to come forward with summary judgment evidence sufficient to raise a fact issue to preclude summary judgment. *See*

16

*Clear Creek,* 589 S.W.2d at 678.  Although Core attached Citibank's answers and objections to a number of his interrogatories to his summary-judgment response, he did not provide any summary judgment evidence to raise a fact issue.  Only one response addressed the agreement element of Citibank's account-stated claim.  In response to Interrogatory 9, which asked "[D]o you contend that [Core] has agreed that any particular account balance is correct?", Citibank responded that Core "made payments and did not object to the account statements" and referred Core to the documents produced in response to his first request for production.  In response to another interrogatory, Citibank also noted that it had "provided the available periodic billing statements."  Core offered no evidence that the address reflected in the account statements was not his address.  He offered no evidence that he did not receive the account statements in general or the November 11, 2010 statement in particular.  Core never disputed the fees or charges reflected on the statements.  He never challenged any new balance set out on any statement.  And he offered no evidence that any new balance reflected on a statement was not the amount due at that time on the account.

## C.    Summary

Having concluded that the trial court did not abuse its discretion in overruling Core's objections to Citibank's summary judgment evidence, based on our de novo review, *see Knott*, 128 S.W.3d at 215; *Branton*, 100 S.W.3d at 646, we further conclude that summary judgment on Citibank's claim for account stated was proper.

We overrule Core's sole appellate issue.

17

### III. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
9th day of April, 2015.

18